UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Loma Linda – Inland Empire Consortium<br>For Healthcare Education<br>d/b/a<br>Loma Linda University Heath<br>Education Consortium<br>11175 Campus Street<br>Loma Linda, CA 92354<br><br>Plaintiff<br><br>   v.<br><br>National Labor Relations Board<br>1015 Half Street, SE<br>Washington, DC 20003<br><br>   Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.  This is a suit by Loma Linda – Inland Empire Consortium for Healthcare Education d/b/a Loma Linda University Health Education Consortium ("LLUHEC") seeking a judgment declaring that the National Labor Relations Board ("Board" or "NLRB") lacks jurisdiction over LLUHEC, ordering the Board to immediately dismiss case numbers 31-RC-312064 and 31-CA-312278, issuing a preliminary and permanent injunction requiring the Board to desist from further processing case numbers 31-RC-312064 and 31-CA-312728 except as necessary to effectuate their immediate dismissal, awarding costs, including reasonable attorney fees, and granting all other relief that is just and proper.

## PARTIES

2.  LLUHEC is a 501(c)(3) non-profit, religious corporation organized under the laws of the State of California. It is part of the Seventh-day Adventist Church ("Church").

LLUHEC's purpose is to educate medical residents and fellows in the healing and teaching ministry of Jesus Christ and is part of Loma Linda University Health. LLUHEC operates approximately 70 residency programs and educates more than 800 fellows and residents in a manner that supports and fosters the goals, objectives and philosophies of the Church. It was conceived as an educational entity where students could learn to provide the finest medical care possible, grounded in the wholeness of the Bible's narrative. Its mission is to continue the teaching and healing ministry of Jesus Christ in a setting of advancing medical science and providing a stimulating clinical and research environment for the education of physicians, nurses and other health professionals.

3. Defendant National Labor Relations Board ("Board") is an independent executive agency of the United States government established by Congress in 1935 for the purpose of administering the National Labor Relations Act ("Act" or "NLRA"), 29 U.S.C. § 151 et seq., and is located in Washington, DC. The Board operates Regional and sub-Regional offices throughout the United States, including Region 31 located in Los Angeles, CA.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1337 because LLUHEC's request for a declaratory judgment and injunctive relief is premised upon the Religious Clauses of the First Amendment and the Religious Freedom Restoration Act (42 U.S.C. § 2000bb-1(c)), the Board's authority arises from a law of the United States, and Congress passed the Act using its authority to regulate commerce.

5. The Court possesses jurisdiction to review a non-final order of the Board pursuant to the Supreme Court's decision in *Leedom v. Kyne*, 358 U.S. 184 (1958).

6.	Venue of this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1291(b) and (e) because the Board has its headquarters and location in Washington, DC.

7.	This Court is authorized to grant declaratory and injunctive relief under 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

## PROCEDURAL POSTURE

8.	On February 13, 2023,[1] the Union of American Physicians & Dentists ("Union") filed a petition with NLRB Region 31 seeking to represent "[a]ll residents and fellows employed" at LLUHEC.

9.	This petition has been docketed by NLRB Region 31 as case number 31-RC-312064.

10.	Pursuant to Board regulations, NLRB Region 31 scheduled a representation hearing to begin on March 6.

11.	On February 27, LLUHEC filed two motions with the Regional Director of NLRB Region 31. The first motion requested that the issue of whether the Board may properly exercise jurisdiction over LLUHEC be bifurcated and that all other proceedings be stayed until the jurisdictional issue is resolved. The second motion requested that the representation hearing be continued until at least March 13.

12.	On February 28, the Union filed its opposition to both of LLUHEC's motions.

13.	On that same day, the NLRB Regional Director issued an order denying LLUHEC's request to bifurcate and stay and granting LLUHEC's motion to continue the representation hearing until March 13.

---

[1] All dates hereafter are in 2023 unless otherwise noted.

14. On March 2, LLUHEC filed a request for expedited review with the Board asking it to reverse the Regional Director's denial of LLUHEC's request to bifurcate the jurisdictional determination and stay the other proceedings.

15. On March 3, the Union filed its opposition to LLUHEC's request for expedited review.

16. On March 13, the Board denied LLUHEC's request that it reverse the Regional Director's refusal to bifurcate the jurisdictional determination and stay all other proceedings.

## COUNT ONE

17. LLUHEC is a religious educational institution engaged in the training of medical residents and fellows.

18. The training provided to medical residents and residents by LLUHEC is inherently and inextricably intertwined with the beliefs of the Seventh-day Adventist faith.

19. Residents and fellows at LLUHEC also undertake substantial and important teaching obligations regarding junior residents and Loma Linda University medical students in the field of medicine and Church teachings.

20. The Church has a long-standing and well-established doctrine against joining, recognizing or bargaining with labor organizations that is founded on firmly-rooted religious principles.

21. The Board is an independent, executive agency of the United States of America. As such, its actions are governed and limited by the First Amendment of the United States Constitution.

22. The Supreme Court in *NLRB v. Catholic Bishop*, 404 U.S. 490 (1979) ("*Catholic Bishop*") held that the Board lacks jurisdiction over church-affiliated educational institutions.

23. In *Catholic Bishop*, the Court recognized that to hold otherwise would implicate the Religious Clauses of the First Amendment.

24. In *Catholic Bishop*, the Court underscores that not only findings and conclusions reached by the Board may violate the First Amendment, but also the proceedings that result in such determinations.

25. The United States Court of Appeals for the District of Columbia Circuit in *University of Great Falls v. NLRB*, 278 F.3d 1335 (D.C. Cir. 2002) ("*University of Great Falls*") adopted a three-prong test to determine whether, under *Catholic Bishop*, the Board has jurisdiction over a religious educational institution.

26. The three-pronged test adopted in *University of Great Falls* looks to whether a religious educational institution: (1) holds itself out to the public as a religious institution; (2) is non-profit; and (3) is religiously affiliated.

27. In *University of Great Falls*, the District of Columbia Circuit emphasized the serious constitutional issues arising from the Board's "trolling through the beliefs" of a religious educational institution and "making determinations about its religious mission." 278 F.3d at 1343.

28. The NLRB subsequently adopted the *University of Great Falls* test for identifying a religious educational institution in *Bethany College* 369 NLRB No. 98 (2020). LLUHEC satisfies each of the three elements of the test adopted by the D.C. Circuit in *University of Great Falls* and the Board in *Bethany College*.

29. This Court and the Board are governed by the Supreme Court's decision in *Catholic Bishop* and this Court is bound by the D.C. Circuit's decision in *University of Great Falls*.

30. LLUHEC satisfies each of the three prongs of the test adopted in *University of Great Falls* and *Bethany College*.

31. LLUHEC is a religious education institution.

32. The Board lacks jurisdiction over LLUHEC consistent with *Catholic Bishop*, *University of Great Falls* and *Bethany College*.

33. The Board, by exercising jurisdiction over LLUHEC, requiring LLUHEC to participate in the March 13 representation hearing and by subjecting LLUHEC to further proceedings and processes, is acting contrary to Supreme Court, D.C. Circuit, and Board authority and in violation of the First Amendment.

34. LLUHEC is suffering and will continue to suffer irreparable harm so long as the Board continues to exercise jurisdiction over LLUHEC.

## COUNT TWO

35. Paragraphs 1-34 are incorporated here.

36. The Religious Freedom Restoration Act prohibits the federal government from substantially burdening a person's exercise of religion even if the burden results from a rule of general applicability, unless the government demonstrates that the burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling interest. 42 U.S.C. §2000bb-1(a) and (b).

37. The Church has a long-standing and well-established teaching against joining, recognizing or bargaining with labor organizations that is founded on firmly-rooted religious principles, including the interference with free religious exercise and commitment to God resulting from such relationships.

6

93070377v.1

38. If the Church were to be ordered by the Board to recognize and bargain with the Union, it would be forced under the threat of civil sanction to act contrary to its long-standing and well-established religious teachings regarding labor organizations.

39. Being forced to choose between adhering to the tenets of its faith or suffering civil sanctions is coercive and substantially burdens LLUHEC's exercise of its religion.

40. The general policy of promoting industrial peace and concerted employee action enacted in the NLRA is not sufficiently compelling to overcome the substantial burden placed on LLUHEC's exercise of its religion.

41. Requiring LLUHEC to recognize and bargain with the Union is not the least restrictive means of furthering the policy enacted in the NLRA.

## PRAYER FOR RELIEF

WHEREFORE, LLUHEC requests that the Court:

1. Declare, pursuant to the test set forth in *University of Great Falls v. NLRB* and *Bethany College*, that LLUHEC is a religious educational institution exempt from the Board's jurisdiction.

2. Declare the exercise of jurisdiction by the Board over LLUHEC violates the Religious Freedom Restoration Act. 42 U.S.C. §2000bb-1(a) and (b).

3. Order the Board to immediately dismiss case numbers 31-RC-312064 and 31-CA-312278.

4. Issue a preliminary and permanent injunction prohibiting the Board from further processing case numbers 31-RC-312064 and 31-CA-312278 except to take the steps necessary to effectuate their immediate dismissal.

5. Award LLUHEC costs and fees, including reasonable attorney's fees.

6.      Grant all other relief that is just and proper.

> Respectfully submitted,
>
> SEYFARTH SHAW LLP
>
> */s/ Samantha L. Brooks*
>
> Samantha L. Brooks (D.C. Bar. No. 1033641)
> Michael Berkheimer (to be admitted *pro hac vice*)
> Jack Toner (to be admitted *pro hac vice*)
> Seyfarth Shaw LLP
> 975 F Street
> Washington, DC 20004
> (202) 828-3560
> Fax: (202) 641-9209
> sbrooks@seyfarth.com
> mberkheimer@seyfarth.com
> jtoner@seyfarth.com
>
> Josh Ditelberg (to be admitted *pro hac vice*)
> 233 S. Wacker Drive
> Suite 8000
> Chicago, IL 60606-644
> jditelberg@seyfarth.com
>
> Jeffery Berman (to be admitted *pro hac vice*)
> 2029 Century Park East
> Suite 3500
> Los Angeles, CA 90067-3021
> jberman@seyfarth.com
>
> Christian J. Rowley (to be admitted *pro hac vice*)
> crowley@seyfarth.com
> Jennifer L. Mora (to be admitted *pro hac vice*)
> jmora@seyfarth.com
> 560 Mission Street
> Suite 3100
> San Francisco, CA 94105-2930
>
> *Attorneys for Loma Linda University Health Education Consortium*

Dated: March 14, 2023

93070377v.1