UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Loma Linda – Inland Empire Consortium<br>For Healthcare Education<br>d/b/a<br>Loma Linda University Health<br>Education Consortium<br>11175 Campus Street<br>Loma Linda, CA 92354<br><br>Plaintiff<br><br>       v.<br><br>National Labor Relations Board<br>1015 Half Street, SE<br>Washington, DC 20003<br><br>       Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 21-cv-00688-CKK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65(a) and Local Rule 65.1(c), Loma Linda – Inland Empire Consortium for Healthcare Education d/b/a Loma Linda University Health Education Consortium ("LLUHEC") respectfully submits this motion seeking a preliminary injunction enjoining the National Labor Relations Board ("the Board") from further processing case number 31-RC-312064 and 31-CA-312278 except as necessary to effectuate their immediate dismissal. Pursuant to Local Rule 65.1(d), LLUHEC requests a hearing as soon the Court's schedule permits because LLUHEC is suffering irreparable harm by the Board exercise of jurisdiction over it.

In support thereof, LLUHEC states as follows:

1. As described in detail in the accompanying Statement of Points and Authorities in support of Plaintiff's Motion for a Preliminary Injunction, a preliminary injunction is appropriate here because: (1) the Board lacks jurisdiction over LLUHEC because LLUHEC is a religious educational institution; (2) the Board's exercise of jurisdiction over LLUHEC violates the First Amendment and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb *et seq.*; (3) the Court has jurisdiction over a non-final order of the Board under RFRA and the doctrine established in *Leedom v. Kynes*, 358 U.S. 184 (1958); and (4) LLUHEC is suffering irreparable harm and will continue to suffer irreparable harm so long the Board continues to exercise jurisdiction over it.

2. LLUHEC is a religious educational institution affiliated with the Seventh-day Adventist Church and engaged in the training of medical residents and fellows.

3. The Seventh-day Adventist Church has a long-standing and well-established teaching against joining, recognizing or bargaining with labor organizations that is founded on firmly-rooted religious principles, including the interference with free religious exercise and commitment to God resulting from such relationships.

4. LLUHEC satisfies the three-pronged test adopted by the United States Court of Appeals for the District of Columbia Circuit in *University of Great Falls v. NLRB*, 278 F.3d 1335 (D.C. Cir. 2002) and the Board in *Bethany College*, 369 NLRB No. 98 (2020) used to identify religious educational institutions.

5. The Supreme Court in *NLRB v. Catholic Bishop*, 440 U.S. 490 (1979) held that the Board lacks jurisdiction over religious educational institutions.

6. *Catholic Bishop* recognized that to permit the Board to exercise jurisdiction over religious education institutions would create serious risk of First Amendment violations.

7. RFRA prohibits the federal government from substantially burdening a person's exercise of religion even if the burden results from a rule of general applicability, unless the government demonstrates that the burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that compelling interest. 42 U.S.C. §2000bb-1(a) and (b).

8. The general policy of promoting industrial peace embodied in the National Labor Relations Act ("the Act"), 29 U.S.C. § 151 *et seq.*, is not sufficiently compelling to overcome the burden placed on LLUHEC's exercise of its religion.

9. Requiring LLUHEC to recognize and bargain with a labor organization is not the least restrictive means of furthering the policy enacted in the Act.

10. The Board's exercise of jurisdiction over LLUHEC unconstitutionally infringes upon LLUHEC's First Amendment rights, violates RFRA and is causing LLUHEC irreparable harm.

11. LLUHEC has no adequate or meaningful method of vindicating its rights other than an order from this Court enjoining of the Board from further exercise of jurisdiction over LLUHEC in 31-RC-312064 and 31-CA-312728 except as necessary to effect their immediate dismissal.

12. Undersigned counsel conferred with Kevin Flanagan and David Boehm, counsel for Defendant, and Defendant does not consent to the relief requested herein.

WHEREFORE, LLUHEC respectfully requests that this Court grant its motion for a preliminary injunction.

                    Respectfully submitted,

                    SEYFARTH SHAW LLP

                    */s/ Samantha L. Brooks*

                    Samantha L. Brooks (D.C. Bar. No. 1033641)
                    Michael Berkheimer (admitted *pro hac vice*)
                    Jack Toner (to be admitted *pro hac vice*)
                    Seyfarth Shaw LLP
                    975 F Street
                    Washington, DC 20004
                    (202) 828-3560
                    Fax: (202) 641-9209
                    sbrooks@seyfarth.com
                    mberkheimer@seyfarth.com
                    jtoner@seyfarth.com

                    Joshua L. Ditelberg (to be admitted *pro hac vice*)
                    233 S. Wacker Drive
                    Suite 8000
                    Chicago, IL 60606-644
                    jditelberg@seyfarth.com

                    Jeffrey A. Berman (to be admitted *pro hac vice*)
                    2029 Century Park East
                    Suite 3500
                    Los Angeles, CA 90067-3021
                    jberman@seyfarth.com

                    Christian J. Rowley (to be admitted *pro hac vice*)
                    crowley@seyfarth.com
                    Jennifer L. Mora (to be admitted *pro hac vice*)
                    jmora@seyfarth.com
                    560 Mission Street
                    Suite 3100
                    San Francisco, CA 94105-2930
                    *Attorneys for Loma Linda University Health Education Consortium*

Dated: March 21, 2023

## **CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Plaintiff LOMA LINDA – INLAND EMPIRE CONSORTIUM FOR HEALTHCARE EDUCATION d/b/a LOMA LINDA UNIVERSITY HEALTH EDUCATION CONSORTIUM'S Motion For A Preliminary Injunctionwas filed by CM/ECF, on this 21st day of March 2023. A true copy of the foregoing was also served upon Defendant National Labor Relations Board by mailing to the below address.

    Attn: Kevin Flanagan
    National Labor Relations Board
    Contempt, Compliance and Special Litigation Branch
    1015 Half Street, SE
    Washington, DC 20003

                                        */s/ Samantha L. Brooks*
                                        Samantha L. Brooks