FORM NLRB-502(RC)
(2-18)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**RC PETITION**

EXHIBIT H

DO NOT WRITE IN THIS SPACE

| Case No. | Date Filed |
|---|---|
| 31-RC-312064 | 2/13/2023 |

INSTRUCTIONS: Unless e–Filed using the Agency's website, www.nlrb.gov/, submit an original of this Petition to an NLRB office in the Region in which the employer concerned is located. The petition must be accompanied by both a showing of interest (see 6b below) and a certificate of service showing service on the employer and all other parties named in the petition of: (1) the petition; (2) Statement of Position form (Form NLRB–505); and (3) Description of Representation Case Procedures (Form NLRB 4812). The showing of interest should only be filed with the NLRB and should not be served on the employer or any other party.

1. **PURPOSE OF THIS PETITION: RC-CERTIFICATION OF REPRESENTATIVE** - A substantial number of employees wish to be represented for purposes of collective bargaining by Petitioner and Petitioner desires to be certified as representative of the employees. **The Petitioner alleges that the following circumstances exist and requests that the National Labor Relations Board proceed under its proper authority pursuant to Section 9 of the National Labor Relations Act.**

| 2a. Name of Employer:<br>LLU – Health Ed Consortium | 2b. Address(es) of Establishment(s) involved (Street and number, City, State, ZIP code):<br>See Attachment A | |
|---|---|---|
| 3a. Employer Representative - Name and Title:<br>Dr. Daniel Giang, President of Loma Linda Health | 3b. Address (if same as 2b - state same):<br>See Attachment A | |

| 3c. Tel. No.<br>(909) 558-6131 ext. 66131 | 3d. Cell No. | 3e. Fax No.<br>(909) 558-0430 | 3f. E-Mail Address<br>gmeo@llu.edu |
|---|---|---|---|

| 4a. Type of Establishment (Factory, mine, wholesaler, etc.)<br>Clinics | 4b. Principal Product or Service<br>Healthcare | 5a. City and State where unit is located: |
|---|---|---|

| 5b. Description of Unit Involved:<br>**Included:** All Resident and Fellows employed at the four locations listed in Attachment A<br><br>**Excluded:** All other employees, guards & supervisors as defined by the Act | 6a Number of Employees in Unit:<br>830 |
|---|---|
| | 6b Do a substantial number (30% or more)<br>of the employees in the unit wish to be<br><br>represented by the Petitioner? ☒ Yes ☐No |

Check One: ☒ 7a. Request for recognition as Bargaining Representative was made on (Date)    By this petition    and Employer declined recognition
on or about (Date)    (If no reply received, so state).

☐ 7b. Petitioner is currently recognized as Bargaining Representative and desires certification under the Act.

| 8a. Name of Recognized or Certified Bargaining Agent (If none, so state)<br>None | 8b. Address: |
|---|---|

| 8c. Tel. No. | 8d. Cell No. | 8e. Fax No. | 8f. E-Mail Address |
|---|---|---|---|

| 8g. Affiliation, if any: | 8h. Date of Recognition or Certification | 8i. Expiration Date of Current or Most<br>Recent Contract, if any (Month, Day, Year) |
|---|---|---|

9. Is there now a strike or picketing at the Employer(s) establishment(s) involved? No    If so, approximately how many employees are participating?

(Name of Labor Organization)          , has picketed the Employer since (Month, Day, Year)

10. Organizations or individuals other than Petitioner and those named in items 8 and 9, which have claimed recognition as representatives and other organizations and individuals known to have a representative interest in any employees in the unit described in item 5b above. (If none, so state)
None

| 10a. Name | 10b. Address | 10c. Tel. No. | 10d. Cell No. |
|---|---|---|---|
| | | 10e. Fax No. | 10f. E-Mail Address |

| 11. **Election Details:** If the NLRB conducts and election in this matter, state your position with respect to any such election: | 11a. Election Type:<br>☐ Manual ☒ Mail ☐ Mixed Manual/Mail |
|---|---|
| 11b. Election Date(s):<br>Ballots to be mailed 12 days after petition is filed | 11c. Election Time(s):<br>n/a mail ballot | 11d. Election Location(s):<br>n/a mail ballot |

| 12a. Full Name of Petitioner (including local name and number):<br>Union of American Physicians & Dentists | 12b. Address (street and number, city, State and ZIP code):<br>520 Capital Mall, Suite 220<br>Sacramento, CA 95814 |
|---|---|

12c Full name of national or international labor organization of which Petitioner is an affiliate or constituent (if none, so state)
American Federation of State, County & Municipal Employees, AFL-CIO

| 12d Tel. No.<br>(800) 585-6977 | 12e Cell No.<br>(909) 408-0445 | 12f Fax No. | 12g E-Mail Address<br>rflores@uapd.org |
|---|---|---|---|

13. Representative of the Petitioner who will accept service of all papers for purposes of the representation proceeding.

| 13a. Name and Title:<br>David A. Rosenfeld, Attorney | 13b. Address (street and number, city, State and ZIP code):<br>Weinberg, Roger & Rosenfeld<br>1375 55th Street Emeryville, CA 94608-2609 |
|---|---|

| 13c. Tel. No.<br>(510) 337-1001 | 13d. Cell No. | 13e. Fax No.<br>(510) 337-1023 | 13f. E-Mail Address<br>nlrbnotices@unioncounsel.net<br>drosenfeld@unioncounsel.net |
|---|---|---|---|

I declare that I have read the above petition and that the statements are true to the best of my knowledge and belief.

| Name (Print)<br>David A. Rosenfeld | Signature<br>*David A Rosenfeld* | Title<br>Attorney | Date<br>2/13/2023 |
|---|---|---|---|

**WILLFUL FALSE STATEMENTS ON THIS PETITION CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT** 1\1340257

EXHIBIT H    H-1

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942.43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

EXHIBIT H

**ATTACHMENT A**

1. Loma Linda University Medical Center
   1234 Anderson Street
   Loma Linda, CA 92354

2. Riverside University Medical Center
   26520 Cactus Avenue
   Moreno Valley, CA 92555

3. VA Loma Linda Healthcare System
   11201 Benton Street
   Loma Linda, CA 92357

4. Dignity Health Center St Bernadine
   2101 North Waterman Avenue
   San Bernardino, CA 92411

EXHIBIT H



EXHIBIT H

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD

REGION 31
11500 W OLYMPIC BLVD
SUITE 600
Los Angeles, CA 90064-1753

Agency Website: www.nlrb.gov
Telephone: (310) 235-7351
Fax: (310) 235-7420



Download
NLRB
Mobile App

**URGENT**

February 13, 2023

Daniel Giang, President of Loma Linda Health
Riverside University Medical Center
26520 Cactus Avenue
Moreno Valley, CA 92555
gmeo@llu.edu

Re:   LLU – Health Ed Consortium
Case 31-RC-312064

Dear Dr. Giang:

Enclosed is a copy of a petition that Union of American Physicians & Dentists filed with the National Labor Relations Board (NLRB) seeking to represent certain of your employees. After a petition is filed, the employer is required to promptly take certain actions so please read this letter carefully to make sure you are aware of the employer's obligations. This letter tells you how to contact the Board agent who will be handling this matter, about the requirement to post and distribute the Notice of Petition for Election, the requirement to complete and serve a Statement of Position Form, the Petitioner's requirement to complete and serve a Responsive Statement of Position Form, a scheduled hearing in this matter, other information needed including a voter list, your right to be represented, and NLRB procedures, including how to submit documents to the NLRB.

**Investigator:** This petition will be investigated by Field Examiner Angelica Aleman whose telephone number is (310) 307-7322. The Board agent will contact you shortly to discuss processing the petition. If you have any questions, please do not hesitate to call the Board agent. If the agent is not available, you may contact Assistant to the Regional Director Danielle Pierce whose telephone number is (310) 307-7302. The Board agent may also contact you and the other party or parties to schedule a conference meeting or telephonic or video conference for some time before the close of business the day following receipt of the final Responsive Statement(s) of Position. This will give the parties sufficient time to determine if any issues can be resolved prior to hearing or if a hearing is necessary. If appropriate, the NLRB attempts to schedule an election either by agreement of the parties or by holding a hearing and then directing an election.

**Required Posting and Distribution of Notice:** You must post the enclosed Notice of Petition for Election by **Tuesday, February 21, 2023** in conspicuous places, including all places where notices to employees are customarily posted. The Notice of Petition for Election must be posted so all pages are simultaneously visible. If you customarily communicate electronically with employees in the petitioned-for unit, you must also distribute the notice electronically to them. You must maintain the posting until the petition is dismissed or withdrawn or this notice

EXHIBIT H

LLU – Health Ed Consortium                    - 2 -                    February 13, 2023
Case 31-RC-312064

is replaced by the Notice of Election.  Posting and distribution of the Notice of Petition for Election will inform the employees whose representation is at issue and the employer of their rights and obligations under the National Labor Relations Act in the representation context. Failure to post or distribute the notice may be grounds for setting aside an election if proper and timely objections are filed.

**Required Statement of Position:**  In accordance with Section 102.63(b) of the Board's Rules, the employer is required to complete the enclosed Statement of Position form (including the attached Commerce Questionnaire), have it signed by an authorized representative, and file a completed copy (with all required attachments) with this office and serve it on all parties named in the petition such that it is received by them by **noon Pacific Time** on **Friday, February 24, 2023**. This form solicits information that will facilitate entry into election agreements or streamline the pre-election hearing if the parties are unable to enter into an election agreement.  **This form must be e-Filed, but unlike other e-Filed documents, will *not* be timely if filed on the due date but after noon Pacific Time.**  If you have questions about this form or would like assistance in filling out this form, please contact the Board agent named above.

*List(s) of Employees*:  The employer's Statement of Position must include a list of the full names, work locations, shifts, and job classifications of all individuals in the proposed unit as of the payroll period preceding the filing of the petition who remain employed at the time of filing. If the employer contends that the proposed unit is inappropriate, the employer must separately list the full names, work locations, shifts and job classifications of all individuals that it contends must be added to the proposed unit to make it an appropriate unit.  The employer must also indicate those individuals, if any, whom it believes must be excluded from the proposed unit to make it an appropriate unit.  These lists must be alphabetized (overall or by department).  Unless the employer certifies that it does not possess the capacity to produce the lists in the required form, the lists must be in a table in a Microsoft Word file (.doc or .docx) or a file that is compatible with Microsoft Word, the first column of the table must begin with each employee's last name, and the font size of the list must be the equivalent of Times New Roman 10 or larger.  That font does not need to be used but the font must be that size or larger.  A sample, optional form for the list is provided on the NLRB website at www.nlrb.gov/sites/default/files/attachments/basic-page/node-4559/Optional Forms for Voter List.docx

*Failure to Supply Information*:  Failure to supply the information requested by this form may preclude you from litigating issues under Section 102.66(d) of the Board's Rules and Regulations.  Section 102.66(d) provides as follows:

> A party shall be precluded from raising any issue, presenting any evidence relating to any issue, cross-examining any witness concerning any issue, and presenting argument concerning any issue that the party failed to raise in its timely Statement of Position or to place in dispute in response to another party's Statement of Position or response, except that no party shall be precluded from contesting or presenting evidence relevant to the Board's statutory jurisdiction to process the petition. Nor shall any party be precluded, on the grounds that a voter's eligibility or inclusion was not contested at the pre-election hearing,

EXHIBIT H

LLU – Health Ed Consortium                    - 3 -                    February 13, 2023
Case 31-RC-312064

from challenging the eligibility of any voter during the election. If a party contends that the proposed unit is not appropriate in its Statement of Position but fails to specify the classifications, locations, or other employee groupings that must be added to or excluded from the proposed unit to make it an appropriate unit, the party shall also be precluded from raising any issue as to the appropriateness of the unit, presenting any evidence relating to the appropriateness of the unit, cross-examining any witness concerning the appropriateness of the unit, and presenting argument concerning the appropriateness of the unit. If the employer fails to timely furnish the lists of employees described in §§ 102.63(b)(1)(iii), (b)(2)(iii), or (b)(3)(iii), the employer shall be precluded from contesting the appropriateness of the proposed unit at any time and from contesting the eligibility or inclusion of any individuals at the pre-election hearing, including by presenting evidence or argument, or by cross-examination of witnesses.

**Responsive Statement of Position:**  In accordance with Section 102.63(b) of the Board's Rules, following timely filing and service of an employer's Statement of Position, the petitioner is required to complete the enclosed Responsive Statement of Position form, have it signed by an authorized representative, and file a completed copy with any necessary attachments, with this office and serve it on all parties named in the petition responding to the issues raised in the employer's Statement of Position, such that it is received no later than **noon Pacific Time** on **Wednesday, March 01, 2023.**

**Notice of Hearing:**  Enclosed is a Notice of Representation Hearing to be conducted at **9:00 AM** on **Monday, March 06, 2023** at **11500 W Olympic Blvd., Suite 600, Los Angeles, CA 90064,** if the parties do not voluntarily agree to an election. **The method of the hearing, e.g., in person or by videoconference, will be determined prior to the hearing date.** If a hearing is necessary, the hearing will run on consecutive days until concluded unless the regional director concludes that extraordinary circumstances warrant otherwise.  Before the hearing begins, the NLRB will continue to explore potential areas of agreement with the parties in order to reach an election agreement and to eliminate or limit the costs associated with formal hearings.

Upon request of a party showing good cause, the regional director may postpone the hearing.  A party desiring a postponement should make the request to the regional director in writing, set forth in detail the grounds for the request, and include the positions of the other parties regarding the postponement.  E-Filing the request is required.  A copy of the request must be served simultaneously on all the other parties, and that fact must be noted in the request.

**Other Information Needed Now**:  Please submit to this office, as soon as possible, the following information needed to handle this matter:

(a)     A copy of any existing or recently expired collective-bargaining agreements, and any amendments or extensions, or any recognition agreements covering any of your employees in the unit involved in the petition (the petitioned-for unit);

EXHIBIT H

LLU – Health Ed Consortium                    - 4 -                    February 13, 2023
Case 31-RC-312064

(b)      The name and contact information for any other labor organization (union) claiming to represent any of the employees in the petitioned-for unit;

(c)      If potential voters will need notices or ballots translated into a language other than English, the names of those languages and dialects, if any.

(d)      If you desire a formal check of the showing of interest, you must provide an alphabetized payroll list of employees in the petitioned-for unit, with their job classifications, for the payroll period immediately before the date of this petition. Such a payroll list should be submitted as early as possible prior to the hearing. Ordinarily a formal check of the showing of interest is not performed using the employee list submitted as part of the Statement of Position.

**Voter List:**  If an election is held in this matter, the employer must transmit to this office and to the other parties to the election, an alphabetized list of the full names, work locations, shifts, job classifications, and contact information (including home addresses, available personal email addresses, and available home and personal cellular telephone numbers) of eligible voters. Usually, the list must be furnished within 2 business days of the issuance of the Decision and Direction of Election or approval of an election agreement.  I am advising you of this requirement now, so that you will have ample time to prepare this list.  The list must be electronically filed with the Region and served electronically on the other parties.  To guard against potential abuse, this list may not be used for purposes other than the representation proceeding, NLRB proceedings arising from it or other related matters.

**Right to Representation:**  You have the right to be represented by an attorney or other representative in any proceeding before us.  If you choose to be represented, your representative must notify us in writing of this fact as soon as possible by completing Form NLRB-4701, Notice of Appearance.  This form is available on our website, www.nlrb.gov, or at the Regional office upon your request.

If someone contacts you about representing you in this case, please be assured that no organization or person seeking your business has any "inside knowledge" or favored relationship with the NLRB.  Their knowledge regarding this matter was only obtained through access to information that must be made available to any member of the public under the Freedom of Information Act.

**Procedures:**  Pursuant to Section 102.5 of the Board's Rules and Regulations, parties must submit all documentary evidence, including statements of position, exhibits, sworn statements, and/or other evidence, by electronically submitting (E-Filing) them through the Agency's web site (www.nlrb.gov).  You must e-file all documents electronically or provide a written statement explaining why electronic submission is not possible or feasible.  Failure to comply with Section 102.5 will result in rejection of your submission.  The Region will make its determinations solely based on the documents and evidence properly submitted. All evidence submitted electronically should be in the form in which it is normally used and maintained in the course of business (i.e., native format).  Where evidence submitted electronically is not in native format, it should be submitted in a manner that retains the essential functionality of the native

EXHIBIT H

EXHIBIT H

LLU – Health Ed Consortium                    - 5 -                    February 13, 2023
Case 31-RC-312064

format (i.e., in a machine-readable and searchable electronic format).  If you have questions about the submission of evidence or expect to deliver a large quantity of electronic records, please promptly contact the Board agent investigating the petition.

**Controlled Unclassified Information (CUI):** This National Labor Relations Board (NLRB) proceeding may contain Controlled Unclassified Information (CUI). Subsequent information in this proceeding may also constitute CUI. National Archives and Records Administration (NARA) regulations at 32 CFR Part 2002 apply to all executive branch agencies that designate or handle information that meets the standards for CUI.

* * *

Information about the NLRB and our customer service standards is available on our website, www.nlrb.gov, or from an NLRB office upon your request.  We can provide assistance for persons with limited English proficiency or disability.  Please let us know if you or any of your witnesses would like such assistance.

Very truly yours,

Mori Rubin
Regional Director

Enclosures
1.   Petition
2.   Notice of Petition for Election (Form 5492)
3.   Notice of Representation Hearing
4.   Description of Procedures in Certification and Decertification Cases (Form 4812)
5.   Statement of Position form and Commerce Questionnaire (Form 505)
6.   Responsive Statement of Position (Form 506)
7.   Description of Voter List Requirement after Hearing in Certification and Decertification Cases (Form 5580)

cc:    Daniel Giang                              Daniel Giang
       President of Loma Linda Health            President of Loma Linda Health
       Loma Linda University Medical Center      VA Loma Linda Healthcare System
       1234 Anderson Street                      11201 Benton Street
       Loma Linda, CA 92354                      Loma Linda, CA 92357

EXHIBIT H

EXHIBIT H

LLU – Health Ed Consortium                    - 6 -                         February 13, 2023
Case 31-RC-312064

> Daniel Giang
> President of Loma Linda Health
> Dignity Health Center St. Bernadine
> 2101 North Waterman Avenue
> San Bernardino, CA 924111

EXHIBIT H

EXHIBIT H

Form NLRB-5492
(Rev: 12-2015)

 

# National Labor Relations Board

# NOTICE OF PETITION FOR ELECTION

This notice is to inform employees that Union of American Physicians & Dentists has filed a petition with the National Labor Relations Board (NLRB), a Federal agency, in Case 31-RC-312064 seeking an election to become certified as the representative of the employees of LLU – Health Ed Consortium in the unit set forth below:

Included: All Resident and Fellows employed at the four locations listed in Attachment A.

Excluded: All other employees, guards & supervisors as defined by the Act.

This notice also provides you with information about your basic rights under the National Labor Relations Act, the processing of the petition, and rules to keep NLRB elections fair and honest.

## YOU HAVE THE RIGHT under Federal Law

- To self-organization
- To form, join, or assist labor organizations
- To bargain collectively through representatives of your own choosing
- To act together for the purposes of collective bargaining or other mutual aid or protection
- To refuse to do any or all of these things unless the union and employer, in a state where such agreements are permitted, enter into a lawful union-security agreement requiring employees to pay periodic dues and initiation fees. Nonmembers who inform the union that they object to the use of their payments for nonrepresentational purposes may be required to pay only their share of the union's costs of representational activities (such as collective bargaining, contract administration, and grievance adjustments).

## PROCESSING THIS PETITION

Elections do not necessarily occur in all cases after a petition is filed.  NO FINAL DECISIONS HAVE BEEN MADE YET regarding the appropriateness of the proposed unit or whether an election will be held in this matter.  If appropriate, the NLRB will first see if the parties will enter into an election agreement that specifies the method, date, time, and location of an election and the unit of employees eligible to vote.  If the parties do not enter into an election agreement, usually a hearing is held to receive evidence on the appropriateness of the unit and other issues in dispute.  After a hearing, an election may be directed by the NLRB, if appropriate.

IF AN ELECTION IS HELD, it will be conducted by the NLRB by secret ballot and Notices of Election will be posted before the election giving complete details for voting.

EXHIBIT H

EXHIBIT H

Form NLRB-5492
(Rev: 12-2015)

# ELECTION RULES

**The NLRB applies rules that are intended to keep its elections fair and honest and that result in a free choice.  If agents of any party act in such a way as to interfere with your right to a free election, the election can be set aside by the NLRB.  Where appropriate the NLRB provides other remedies, such as reinstatement for employees fired for exercising their rights, including backpay from the party responsible for their discharge.**

**The following are examples of conduct that interfere with employees' rights and may result in setting aside the election:**

- **Threatening loss of jobs or benefits by an employer or a union**

- **Promising or granting promotions, pay raises, or other benefits, to influence an employee's vote by a party capable of carrying out such promises**

- **An employer firing employees to discourage or encourage union activity or a union causing them to be fired to encourage union activity**

- **Making campaign speeches to assembled groups of employees on company time, where attendance is mandatory, within the 24-hour period before the polls for the election first open or, if the election is conducted by mail, from the time and date the ballots are scheduled to be sent out by the Region until the time and date set for their return**

- **Incitement by either an employer or a union of racial or religious prejudice by inflammatory appeals**

- **Threatening physical force or violence to employees by a union or an employer to influence their votes**

**Please be assured that IF AN ELECTION IS HELD, every effort will be made to protect your right to a free choice under the law.  Improper conduct will not be permitted.  All parties are expected to cooperate fully with the NLRB in maintaining basic principles of a fair election as required by law.  The NLRB as an agency of the United States Government does not endorse any choice in the election.**

**For additional information about the processing of petitions, go to [www.nlrb.gov](http://www.nlrb.gov) or contact the NLRB at (310) 235-7351.**

THIS IS AN OFFICIAL GOVERNMENT NOTICE AND MUST NOT BE DEFACED BY ANYONE.  IT MUST REMAIN POSTED WITH ALL PAGES SIMULTANEOUSLY VISIBLE UNTIL REPLACED BY THE NOTICE OF ELECTION OR THE PETITION IS DISMISSED OR WITHDRAWN.




# National Labor Relations Board

EXHIBIT H

EXHIBIT H




**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 31**

| | |
|---|---|
| **LLU – Health Ed Consortium**<br><br>Employer<br><br>and<br><br>**Union of American Physicians & Dentists**<br><br>Petitioner | **Case 31-RC-312064** |

### NOTICE OF REPRESENTATION HEARING

The Petitioner filed the attached petition pursuant to Section 9(c) of the National Labor Relations Act.  It appears that a question affecting commerce exists as to whether the employees in the unit described in the petition wish to be represented by a collective-bargaining representative as defined in Section 9(a) of the Act.

YOU ARE HEREBY NOTIFIED that, pursuant to Sections 3(b) and 9(c) of the Act, at 9:00 AM on **Monday, March 6, 2023** and on consecutive days thereafter until concluded, at the National Labor Relations Board offices located at 11500 W Olympic Blvd., Suite 600, Los Angeles, CA 90064, a hearing will be conducted before a hearing officer of the National Labor Relations Board. The method of the hearing, e.g., in person or by videoconference, will be determined prior to the hearing date. At the hearing, the parties will have the right to appear in person or otherwise, and give testimony.

YOU ARE FURTHER NOTIFIED that, pursuant to Section 102.63(b) of the Board's Rules and Regulations, LLU – Health Ed Consortium must complete the Statement of Position and file it and all attachments with the Regional Director and serve it on the parties listed on the petition such that is received by them by no later than **noon Pacific Time** on **Friday, February 24, 2023.** Following timely filing and service of a Statement of Position by LLU – Health Ed Consortium, the Petitioner must complete its Responsive Statement of Position(s) responding to the issues raised in the Employer's and/or Union's Statement of Position and file them and all attachments with the Regional Director and serve them on the parties named in the petition such they are received by them no later than **noon Pacific Time** on **Wednesday, March 01, 2023**.

**Pursuant to Section 102.5 of the Board's Rules and Regulations, all documents filed in cases before the Agency must be filed by electronically submitting (E-Filing) through the Agency's website (www.nlrb.gov), unless the party filing the document does not have access to the means for filing electronically or filing electronically would impose an undue burden.** Documents filed by means other than E-Filing must be accompanied by a statement explaining why the filing party does not have access to the means for filing electronically or filing

EXHIBIT H

EXHIBIT H

electronically would impose an undue burden.  Detailed instructions for using the NLRB's
E-Filing system can be found in the E-Filing System User Guide.

The Statement of Position and Responsive Statement of Position must be E-Filed but,
unlike other E-Filed documents, must be filed by **noon Pacific Time** on the due date in order to
be timely.  If an election agreement is signed by all parties and returned to the Regional Office
before the due date of the Statement of Position, the Statement of Position and Responsive
Statement of Position are not required to be filed.  If an election agreement is signed by all
parties and returned to the Regional office after the due date of the Statement of Position but
before the due date of the Responsive Statement of Position, the Responsive Statement of
Position is not required to be filed.

Dated:  February 13, 2023

MORI RUBIN
REGIONAL DIRECTOR
NATIONAL LABOR RELATIONS BOARD
REGION 31
11500 W OLYMPIC BLVD., SUITE 600
LOS ANGELES, CA 90064-1753

EXHIBIT H

EXHIBIT H

FORM NLRB-4812
(12-20)

**UNITED STATES OF AMERICA**
**NATIONAL LABOR RELATIONS BOARD**

**DESCRIPTION OF REPRESENTATION CASE PROCEDURES**
**IN CERTIFICATION AND DECERTIFICATION CASES**

The National Labor Relations Act grants employees the right to bargain collectively through representatives of their own choosing and to refrain from such activity.  A party may file an RC, RD or RM petition with the National Labor Relations Board (NLRB) to conduct a secret ballot election to determine whether a representative will represent, or continue to represent, a unit of employees.  An **RC** petition is generally filed by a union that desires to be certified as the bargaining representative.  An **RD** petition is filed by employees who seek to remove the currently recognized union as the bargaining representative.  An **RM** petition is filed by an employer who seeks an election because one or more individuals or unions have sought recognition as the bargaining representative, or based on a reasonable belief supported by objective considerations that the currently recognized union has lost its majority status.  This form generally describes representation case procedures in RC, RD and RM cases, also referred to as certification and decertification cases.

**Right to be Represented** – Any party to a case with the NLRB has the right to be represented by an attorney or other representative in any proceeding before the NLRB.  A party wishing to have a representative appear on its behalf should have the representative complete a Notice of Appearance (Form NLRB-4701), and E-File it at www.nlrb.gov or forward it to the NLRB Regional Office handling the petition as soon as possible.

**Filing and Service of Petition** – A party filing an RC, RD or RM petition is required to serve a copy of its petition on the parties named in the petition along with this form and the Statement of Position form.  The petitioner files the petition with the NLRB, together with (1) a certificate showing service of these documents on the other parties named in the petition, and (2) a showing of interest to support the petition.  The showing of interest is not served on the other parties.

**Notice of Hearing** – After a petition in a certification or decertification case is filed with the NLRB, the NLRB reviews the petition, certificate of service, and the required showing of interest for sufficiency, assigns the petition a case number, and promptly sends letters to the parties notifying them of the Board agent who will be handling the case.  In most cases, the letters include a Notice of Representation Hearing.  Except in cases presenting unusually complex issues, this pre-election hearing is set for a date 14 business days (excluding weekends and federal holidays) from the date of service of the notice of hearing.  Once the hearing begins, it will continue day to day until completed absent extraordinary circumstances.  The Notice of Representation Hearing also sets the due date for filing and serving the Statement(s) of Position and the Responsive Statement of Position(s).  Included with the Notice of Representation Hearing are the following: (1) copy of the petition, (2) this form, (3) Statement of Position for non-petitioning parties, (4) petitioner's Responsive Statement of Position, (5) Notice of Petition for Election, and (6) letter advising how to contact the Board agent who will be handling the case and discussing those documents.

**Hearing Postponement**:  Requests to postpone the hearing are not routinely granted, but the regional director may postpone the hearing for good cause.  A party wishing to request a postponement should make the request in writing and set forth in detail the grounds for the request.  The request should include the positions of the other parties regarding the postponement.  The request must be filed electronically ("E-Filed") on the Agency's website (www.nlrb.gov) by following the instructions on the website.  A copy of the request must be served simultaneously on all the other parties, and that fact must be noted in the request.

**Statement of Position Form and List(s) of Employees** – The Statement of Position form solicits commerce and other information that will facilitate entry into election agreements or streamline the pre-election hearing if the parties are unable to enter into an election agreement.  In an **RC** or **RD** case, as part of its Statement of Position form, the employer also provides a list of the full names, work locations, shifts, and job classifications of all individuals in the proposed unit.  If the employer contends that the proposed unit is not appropriate, the employer must separately list the same information for all individuals that the employer contends must be added to the proposed unit to make it an appropriate unit, and must further indicate those individuals, if any, whom it believes should be excluded from the proposed unit to make it an appropriate unit.  These lists must be alphabetized (overall or by department).  Unless the employer certifies that it does not possess the capacity to produce the lists in the required form, the lists must be in a table in a Microsoft Word file (.doc or .docx) or a file that is compatible with Microsoft Word, the first column of the table must begin with each employee's last name, and the font size of the list must be the equivalent of Times New Roman 10 or larger.  That font does not need to be used but the font must be that size or larger.  A sample, optional

Page 1

EXHIBIT H

EXHIBIT H

FORM NLRB-4812
(12-20)

form for the list is provided on the NLRB website at www.nlrb.gov/sites/default/files/attachments/basic-page/node-4559/Optional Forms for Voter List.docx

Ordinarily the Statement of Position must be filed with the Regional Office and served on the other parties such that it is received by them by noon 8 business days from the issuance of the Notice of Hearing.  The regional director may postpone the due date for filing and serving the Statement of Position for good cause. The Statement of Position form must be E-Filed but, unlike other E-Filed documents, will not be timely if filed on the due date but after noon in the time zone of the Region where the petition is filed.  Consequences for failing to satisfy the Statement of Position requirement are discussed on the following page under the heading "Preclusion."  A request to postpone the hearing will not automatically be treated as a request for an extension of the Statement of Position due date.  If a party wishes to request both a postponement of the hearing and a postponement of the Statement of Position due date, the request must make that clear and must specify the reasons that postponements of both are sought.

**Responsive Statement of Position** – Petitioner's Responsive Statement(s) of Position solicits a response to the Statement(s) of Position filed by the other parties and further facilitates entry into election agreements or streamlines the preelection hearing.  A petitioner must file a Responsive Statement of Position in response to each party's Statement of Position addressing each issue in each Statement of Position(s), if desired. In the case of an RM petition, the employer-petitioner must also provide commerce information and file and serve a list of the full names, work locations, shifts, and job classifications of all individuals in the proposed unit. Ordinarily, the Responsive Statement of Position must be electronically filed with the Regional Office and served on the other parties such that it is received by noon 3 business days prior to the hearing.  The regional director may postpone the due date for filing and serving the Responsive Statement of Position for good cause. The Responsive Statement of Position form must be E-Filed but, unlike other E-Filed documents, will not be timely if filed on the due date but after noon in the time zone of the Region where the petition is filed. Consequences for failing to satisfy the Responsive Statement of Position requirement are discussed on the following page under the heading "Preclusion."  A request to postpone the hearing will not automatically be treated as a request for an extension of the Responsive Statement of Position due date.  If a party wishes to request both a postponement of the hearing and a Postponement of the Responsive Statement of Position due date, the request must make that clear and must specify the reasons that postponements of both are sought.

**Posting and Distribution of Notice of Petition for Election** – Within 5 business days after service of the notice of hearing, the employer must post the Notice of Petition for Election in conspicuous places, including all places where notices to employees are customarily posted, and must also distribute it electronically to the employees in the petitioned-for unit if the employer customarily communicates with these employees electronically.  The employer must maintain the posting until the petition is dismissed or withdrawn, or the Notice of Petition for Election is replaced by the Notice of Election.  The employer's failure to post or distribute the Notice of Petition for Election may be grounds for setting aside the election if proper and timely objections are filed.

**Election Agreements** – Elections can occur either by agreement of the parties or by direction of the regional director or the Board. Three types of agreements are available: (1) a Consent Election Agreement (Form NLRB-651); (2) a Stipulated Election Agreement (Form NLRB-652); and (3) a Full Consent Agreement (Form NLRB-5509).  In the Consent Election Agreement and the Stipulated Election Agreement, the parties agree on an appropriate unit and the method, date, time, and place of a secret ballot election that will be conducted by an NLRB agent.  In the Consent Agreement, the parties also agree that post-election matters (election objections or determinative challenged ballots) will be resolved with finality by the regional director; whereas in the Stipulated Election Agreement, the parties agree that they may request Board review of the regional director's post-election determinations.  A Full Consent Agreement provides that the regional director will make final determinations regarding all pre-election and post-election issues.

**Hearing Cancellation Based on Agreement of the Parties** – The issuance of the Notice of Representation Hearing does not mean that the matter cannot be resolved by agreement of the parties.  On the contrary, the NLRB encourages prompt voluntary adjustments and the Board agent assigned to the case will work with the parties to enter into an election agreement, so the parties can avoid the time and expense of participating in a hearing.

**Hearing** – A hearing will be held unless the parties enter into an election agreement approved by the regional director or the petition is dismissed or withdrawn.

*Purpose of Hearing*: The primary purpose of a pre-election hearing is to determine if a question of representation exists.  A question of representation exists if a proper petition has been filed concerning a unit

EXHIBIT H

FORM NLRB-4812
(12-20)

appropriate for the purpose of collective bargaining or, in the case of a decertification petition, concerning a unit in which a labor organization has been certified or is being currently recognized by the employer as the bargaining representative.

**Issues at Hearing**:  Issues that might be litigated at the pre-election hearing include: jurisdiction; labor organization status; bars to elections; unit appropriateness; expanding and contracting unit issues; inclusion of professional employees with nonprofessional employees; seasonal operation; potential mixed guard/non-guard unit; and eligibility formulas.  At the hearing, the timely filed Statement of Position and Responsive Statement of Position(s) will be received into evidence.  The hearing officer will not receive evidence concerning any issue as to which the parties have not taken adverse positions, except for evidence regarding the Board's jurisdiction over the employer and evidence concerning any issue, such as the appropriateness of the proposed unit, as to which the regional director determines that record evidence is necessary.

**Preclusion**:  At the hearing, a party will be precluded from raising any issue, presenting any evidence relating to any issue, cross-examining any witness concerning any issue, and presenting argument concerning any issue that the party failed to raise in its timely Statement of Position or Responsive Statement of Position(s) or to place in dispute in timely response to another party's Statement of Position or response, except that no party will be precluded from contesting or presenting evidence relevant to the Board's statutory jurisdiction to process the petition.  Nor shall any party be precluded, on the grounds that a voter's eligibility or inclusion was not contested at the pre-election hearing, from challenging the eligibility of any voter during the election.  If a party contends that the proposed unit is not appropriate in its Statement of Position but fails to specify the classifications, locations, or other employee groupings that must be added to or excluded from the proposed unit to make it an appropriate unit, the party shall also be precluded from raising any issue as to the appropriateness of the unit, presenting any evidence relating to the appropriateness of the unit, cross examining any witness concerning the appropriateness of the unit, and presenting argument concerning the appropriateness of the unit.  As set forth in §102.66(d) of the Board's rules, if the employer fails to timely furnish the lists of employees, the employer will be precluded from contesting the appropriateness of the proposed unit at any time and from contesting the eligibility or inclusion of any individuals at the pre-election hearing, including by presenting evidence or argument, or by cross-examination of witnesses.

**Conduct of Hearing**:  If held, the hearing is usually open to the public and will be conducted by a hearing officer of the NLRB.  Any party has the right to appear at any hearing in person, by counsel, or by other representative, to call, examine, and cross-examine witnesses, and to introduce into the record evidence of the significant facts that support the party's contentions and are relevant to the existence of a question of representation.  The hearing officer also has the power to call, examine, and cross-examine witnesses and to introduce into the record documentary and other evidence.  Witnesses will be examined orally under oath.  The rules of evidence prevailing in courts of law or equity shall not be controlling.  Parties appearing at any hearing who have or whose witnesses have disabilities falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.503, and who in order to participate in this hearing need appropriate auxiliary aids, as defined in 29 C.F.R. 100.503, should notify the regional director as soon as possible and request the necessary assistance.

**Official Record**:  An official reporter will make the only official transcript of the proceedings and all citations in briefs or arguments must refer to the official record. (Copies of exhibits should be supplied to the hearing officer and other parties at the time the exhibit is offered in evidence.)  All statements made at the hearing will be recorded by the official reporter while the hearing is on the record.  If a party wishes to make off-the-record remarks, requests to make such remarks should be directed to the hearing officer and not to the official reporter.  After the close of the hearing, any request for corrections to the record, either by stipulation or motion, should be forwarded to the regional director.

**Motions and Objections**:  All motions must be in writing unless stated orally on the record at the hearing and must briefly state the relief sought and the grounds for the motion.  A copy of any motion must be served immediately on the other parties to the proceeding.  Motions made during the hearing are filed with the hearing officer.  All other motions are filed with the regional director, except that motions made after the transfer of the record to the Board are filed with the Board.  If not E-Filed, an original and two copies of written motions shall be filed.  Statements of reasons in support of motions or objections should be as concise as possible.  Objections shall not be deemed waived by further participation in the hearing.  On appropriate request, objections may be permitted to stand to an entire line of questioning.  Automatic exceptions will be allowed to all adverse rulings.

EXHIBIT H

EXHIBIT H

FORM NLRB-4812
(12-20)

***Election Details***:  Prior to the close of the hearing the hearing officer will: (1) solicit the parties' positions (but will not permit litigation) on the type, date(s), time(s), and location(s) of the election and the eligibility period; (2) solicit the name, address, email address, facsimile number, and phone number of the employer's on-site representative to whom the regional director should transmit the Notice of Election if an election is directed; (3) inform the parties that the regional director will issue a decision as soon as practicable and will immediately transmit the document to the parties and their designated representatives by email, facsimile, or by overnight mail (if neither an email address nor facsimile number was provided); and (4) inform the parties of their obligations if the director directs an election and of the time for complying with those obligations.

***Oral Argument and Briefs***:  Upon request, any party is entitled to a reasonable period at the close of the hearing for oral argument, which will be included in the official transcript of the hearing.  At any time before the close of the hearing, any party may file a memorandum addressing relevant issues or points of law.  Post-hearing briefs shall be due within 5 business days of the close of the hearing. The hearing officer may allow up to 10 additional business days for such briefs prior to the close of hearing and for good cause.  If filed, copies of the memorandum or brief shall be served on all other parties to the proceeding and a statement of such service shall be filed with the memorandum or brief.  No reply brief may be filed except upon special leave of the regional director.  Briefs including electronic documents, filed with the Regional Director must be formatted as double-spaced in an 8½ by 11 inch format and must be e-filed through the Board's website, www.nlrb.gov.

**Regional Director Decision** - After the hearing, the regional director issues a decision directing an election, dismissing the petition or reopening the hearing.  A request for review of the regional director's pre-election decision may be filed with the Board at any time after issuance of the decision until 10 business days after a final disposition of the proceeding by the regional director.  Accordingly, a party need not file a request for review before the election in order to preserve its right to contest that decision after the election.  Instead, a party can wait to see whether the election results have mooted the basis of an appeal.  The Board will grant a request for review only where compelling reasons exist therefor.

**Voter List** – The employer must provide to the regional director and the parties named in the election agreement or direction of election a list of the full names, work locations, shifts, job classifications, and contact information (including home addresses, available personal email addresses, and available home and personal cellular (''cell'') telephone numbers) of all eligible voters.  (In construction industry elections, unless the parties stipulate to the contrary, also eligible to vote are all employees in the unit who either (1) were employed a total of 30 working days or more within the 12 months preceding the election eligibility date or (2) had some employment in the 12 months preceding the election eligibility date and were employed 45 working days or more within the 24 months immediately preceding the election eligibility date.  However, employees meeting either of those criteria who were terminated for cause or who quit voluntarily prior to the completion of the last job for which they were employed, are not eligible.)  The employer must also include in a separate section of the voter list the same information for those individuals whom the parties have agreed should be permitted to vote subject to challenge or those individuals who, according to the direction of election, will be permitted to vote subject to challenge.  The list of names must be alphabetized (overall or by department) and be in the same Microsoft Word file (or Microsoft Word compatible file) format as the initial lists provided with the Statement of Position form unless the parties agree to a different format or the employer certifies that it does not possess the capacity to produce the list in the required form.  When feasible, the list must be filed electronically with the regional director and served electronically on the other parties named in the agreement or direction.  To be timely filed and served, the voter list must be received by the regional director and the parties named in the agreement or direction respectively within 2 business days after the approval of the agreement or issuance of the direction of elections unless a longer time is specified in the agreement or direction.  A certificate of service on all parties must be filed with the regional director when the voter list is filed.  The employer's failure to file or serve the list within the specified time or in proper format shall be grounds for setting aside the election whenever proper and timely objections are filed.  The parties shall not use the list for purposes other than the representation proceeding, Board proceedings arising from it, and related matters.

**Waiver of Time to Use Voter List** – Under existing NLRB practice, an election is not ordinarily scheduled for a date earlier than 10 calendar days after the date when the employer must file the voter list with the Regional Office.  However, the parties entitled to receive the voter list may waive all or part of the 10-day period by executing Form NLRB-4483.  A waiver will not be effective unless all parties who are entitled to the list agree to waive the same number of days.

EXHIBIT H

EXHIBIT H

FORM NLRB-4812
(12-20)

**Election** – Information about the election, requirements to post and distribute the Notice of Election, and possible proceedings after the election is available from the Regional Office and will be provided to the parties when the Notice of Election is sent to the parties.

**Withdrawal or Dismissal** – If it is determined that the NLRB does not have jurisdiction or that other criteria for proceeding to an election are not met, the petitioner is offered an opportunity to withdraw the petition.  If the petitioner does not withdraw the petition, the regional director will dismiss the petition and advise the petitioner of the reason for the dismissal and of the right to appeal to the Board.

EXHIBIT H

EXHIBIT H

## REVIEW THE FOLLOWING IMPORTANT INFORMATION
## BEFORE FILLING OUT A STATEMENT OF POSITION FORM

**Completing and Filing this Form:**  The Notice of Hearing indicates which parties are responsible for completing the form.  If you are required to complete the form, you must have it signed by an authorized representative and file a completed copy (including all attachments) with the RD and serve copies on all parties named in the petition by the date and time established for its submission.  If more space is needed for your answers, additional pages may be attached.  If you have questions about this form or would like assistance in filling out this form, please contact the Board agent assigned to handle this case.  **You must EFile your Statement of Position at www.nlrb.gov, but unlike other e-Filed documents, it will *not* be timely if filed on the due date but after noon in the time zone of the Region where the petition was filed.**

> **Note:  *Non-employer parties who complete this Statement of Position are NOT required to complete items 8f and 8g of the form, or to provide a commerce questionnaire or the lists described in item 7.***

**Required Lists:**  The employer's Statement of Position must include a list of the full names, work locations, shifts, and job classifications of all individuals in the proposed unit as of the payroll period preceding the filing of the petition who remain employed at the time of filing.   If the employer contends that the proposed unit is inappropriate, the employer must separately list the full names, work locations, shifts and job classifications of all individuals that it contends must be added to the proposed unit to make it an appropriate unit.  The employer must also indicate those individuals, if any, whom it believes must be excluded from the proposed unit to make it an appropriate unit.  These lists must be alphabetized (overall or by department).  Unless the employer certifies that it does not possess the capacity to produce the lists in the required form, the lists must be in a table in a Microsoft Word file (.doc or .docx) or a file that is compatible with Microsoft Word, the first column of the table must begin with each employee's last name, and the font size of the list must be the equivalent of Times New Roman 10 or larger.  That font does not need to be used but the font must be that size or larger.  A sample, optional form for the list is provided on the NLRB website at **www.nlrb.gov/sites/default/files/attachments/basic-page/node-4559/Optional Forms for Voter List.docx**.

**Consequences of Failure to Supply Information:**  Failure to supply the information requested by this form may preclude you from litigating issues under 102.66(d) of the Board's Rules and Regulations.  Section 102.66(d) provides as follows:

> A party shall be precluded from raising any issue, presenting any evidence relating to any issue, cross-examining any witness concerning any issue, and presenting argument concerning any issue that the party failed to raise in its timely Statement of Position or to place in dispute in response to another party's Statement of Position or response, except that no party shall be precluded from contesting or presenting evidence relevant to the Board's statutory jurisdiction to process the petition.  Nor shall any party be precluded, on the grounds that a voter's eligibility or inclusion was not contested at the pre-election hearing, from challenging the eligibility of any voter during the election.  If a party contends that the proposed unit is not appropriate in its Statement of Position but fails to specify the classifications, locations, or other employee groupings that must be added to or excluded from the proposed unit to make it an appropriate unit, the party shall also be precluded from raising any issue as to the appropriateness of the unit, presenting any evidence relating to the appropriateness of the unit, cross-examining any witness concerning the appropriateness of the unit, and presenting argument concerning the appropriateness of the unit.  If the employer fails to timely furnish the lists of employees described in §§102.63(b)(1)(iii), (b)(2)(iii), or (b)(3)(iii), the employer shall be precluded from contesting the appropriateness of the proposed unit at any time and from contesting the eligibility or inclusion of any individuals at the pre-election hearing, including by presenting evidence or argument, or by cross-examination of witnesses.

EXHIBIT H

EXHIBIT H

FORM NLRB-505
(12-20)

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD
**STATEMENT OF POSITION**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case No. 31-RC-312064 | Date Filed February 13, 2023 |

**INSTRUCTIONS:** *Submit this Statement of Position to an NLRB Office in the Region in which the petition was filed and serve it and all attachments on each party named in the petition in this case such that it is received by them by the date and time specified in the notice of hearing.*

**Note:** *Non-employer parties who complete this form are NOT required to complete items 8f or 8g below or to provide a commerce questionnaire or the lists described in item 7.*

| 1a. Full name of party filing Statement of Position | 1c. Business Phone: | 1e. Fax No.: |
|---|---|---|
| 1b. Address *(Street and number, city, state, and ZIP code)* | 1d. Cell No.: | 1f. e-Mail Address |

2. Do you agree that the NLRB has jurisdiction over the Employer in this case?  [ ] Yes    [ ] No
*(A completed commerce questionnaire (Attachment A) must be submitted by the Employer, regardless of whether jurisdiction is admitted)*

3. Do you agree that the proposed unit is appropriate?  [ ] Yes    [ ] No   *(If not, answer 3a and 3b.)*

a. State the basis for your contention that the proposed unit is not appropriate.  *(If you contend a classification should be excluded or included briefly explain why, such as shares a community of interest or are supervisors or guards.)*

b. State any classifications, locations, or other employee groupings that must be added to or excluded from the proposed unit to make it an appropriate unit.

Added

Excluded

4. Other than the individuals in classifications listed in 3b, list any individual(s) whose eligibility to vote you intend to contest at the pre-election hearing in this case and the basis for contesting their eligibility.

5. Is there a bar to conducting an election in this case?  [ ] Yes    [ ] No  *If yes, state the basis for your position.*

6. Describe all other issues you intend to raise at the pre-election hearing.

7. The employer must provide the following lists which must be  alphabetized  (overall or by department) in the format specified at **www.nlrb.gov/sites/default/files/attachments/basic-page/node-4559/Optional Forms for Voter List.docx.**
(a) A list containing the full names, work locations, shifts and job classification of all individuals in the proposed unit as of the payroll period immediately preceding the filing of the petition who remain employed as of the date of the filing of the petition. (Attachment B)
(b) If the employer contends that the proposed unit is inappropriate the employer must provide (1) a separate list containing the full names, work locations, shifts and job classifications of all individuals that it contends must be *added* to the proposed unit, if any to make it an appropriate unit, (Attachment C) and (2) a list containing the full names of any individuals it contends must be *excluded* from the proposed unit to make it an appropriate unit. (Attachment D)

8a. State your position with respect to the details of any election that may be conducted in this matter.  Type:  [ ] Manual    [ ] Mail    [ ] Mixed Manual/Mail

| 8b. Date(s) | 8c. Time(s) | 8d. Location(s) |
|---|---|---|
| 8e. Eligibility Period (e.g. special eligibility formula) | 8f. Last Payroll Period Ending Date | 8g. Length of payroll period [ ] Weekly    [ ]Biweekly    [ ] Other *(specify length)* |

**9. Representative who will accept service of all papers for purposes of the representation proceeding**

| 9a. Full name and title of authorized representative | 9b. Signature of authorized representative | 9c. Date |
|---|---|---|
| 9d. Address *(Street and number, city, state, and ZIP code)* | | 9e.  e-Mail Address |
| 9f. Business Phone No.: | 9g. Fax No. | 9h. Cell No. |

**WILLFUL FALSE STATEMENTS ON THIS PETITION CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. Section 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation proceedings. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. 74942-43 (December 13, 2006). The NLRB will further explain these uses upon request. Failure to supply the information requested by this form may preclude you from litigating issues under 102.66(d) of the Board's Rules and Regulations and may cause the NLRB to refuse to further process a representation case or may cause the NLRB to issue you a subpoena and seek enforcement of the subpoena in federal court.

EXHIBIT H

FORM NLRB-5081
(3-11)

NATIONAL LABOR RELATIONS BOARD

## QUESTIONNAIRE ON COMMERCE INFORMATION

Please read carefully, answer all applicable items, and return to the NLRB Office.  If additional space is required, please add a page and identify item number.

| CASE NAME | CASE NUMBER |
|---|---|
| | 31-RC-312064 |

**1.  EXACT LEGAL TITLE OF ENTITY (As filed with State and/or stated in legal documents forming entity)**

**2.   TYPE OF ENTITY**

[ ] CORPORATION    [ ] LLC    [ ] LLP    [ ] PARTNERSHIP    [ ] SOLE PROPRIETORSHIP    [ ] OTHER (Specify )

**3. IF A CORPORATION or LLC**

| A. STATE OF INCORPORATION OR FORMATION | B.  NAME, ADDRESS, AND RELATIONSHIP (e.g. parent, subsidiary) OF ALL RELATED ENTITIES |
|---|---|
| | |

**4.   IF AN LLC OR ANY TYPE OF PARTNERSHIP, FULL NAME AND ADDRESS OF ALL MEMBERS OR PARTNERS**

**5.   IF A SOLE PROPRIETORSHIP, FULL NAME AND ADDRESS OF PROPRIETOR**

**6.   BRIEFLY DESCRIBE THE NATURE OF YOUR OPERATIONS** *(Products handled or manufactured, or nature of services performed).*

| 7A.  PRINCIPAL LOCATION: | 7B.  BRANCH LOCATIONS: |
|---|---|
| | |

**8.  NUMBER OF PEOPLE PRESENTLY EMPLOYED**

| A.  TOTAL: | B. AT THE ADDRESS INVOLVED IN THIS MATTER: |
|---|---|

**9.   DURING THE MOST RECENT** *(Check the appropriate box):* [ ] CALENDAR   [ ] 12 MONTHS   or [ ] FISCAL YEAR  *(FY DATES _____)*

| | YES | NO |
|---|---|---|
| A.  Did you **provide services** valued in excess of $50,000 directly to customers outside your State?  If no, indicate actual value. $_____ | | |
| B.  If you answered no to 9A, did you **provide services** valued in excess of $50,000 to customers in your State who purchased goods valued in excess of $50,000 from directly outside your State?  If no, indicate the value of any such services you provided. $_____ | | |
| C.  If you answered no to 9A and 9B, did you **provide services** valued in excess of $50,000 to public utilities, transit systems, newspapers, health care institutions, broadcasting stations, commercial buildings, educational institutions, or retail concerns? If less than $50,000, indicate amount.  $_____ | | |
| D.  Did you **sell goods** valued in excess of $50,000 directly to customers located outside your State? If less than $50,000, indicate amount. $_____ | | |
| E.  If you answered no to 9D, did you **sell goods** valued in excess of $50,000 directly to customers located inside your State who purchased other goods valued in excess of $50,000 from directly outside your State?   If less than $50,000, indicate amount. $_____ | | |
| F.  Did you **purchase and receive goods** valued in excess of $50,000 from directly outside your State?  If less than $50,000, indicate amount.  $_____ | | |
| G.  Did you **purchase and receive goods** valued in excess of $50,000 from enterprises who received the goods directly from points outside your State?    If less than $50,000, indicate amount. $_____ | | |
| H.   **Gross Revenues** from all sales or performance of services *(Check the largest amount)*: [ ] $100,000  [ ] $250,000  [ ] $500,000  [ ] $1,000,000 or more   If less than $100,000, indicate amount. | | |
| I.   **Did you begin operations within the last 12 months?**   If yes, specify date: _____ | | |

**10.  ARE YOU A MEMBER OF AN ASSOCIATION OR OTHER EMPLOYER GROUP THAT ENGAGES IN COLLECTIVE BARGAINING?**

[ ] YES   [ ] NO  *(If yes, name and address of association or group).*

**11. REPRESENTATIVE BEST QUALIFIED TO GIVE FURTHER INFORMATION ABOUT YOUR OPERATIONS**

| NAME | TITLE | E-MAIL ADDRESS | TEL. NUMBER |
|---|---|---|---|
| | | | |

**12. AUTHORIZED REPRESENTATIVE COMPLETING THIS QUESTIONNAIRE**

| NAME AND TITLE *(Type or Print)* | SIGNATURE | E-MAIL ADDRESS | DATE |
|---|---|---|---|
| | | | |

### PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary. However, failure to supply the information may cause the NLRB to refuse to process any further a representation or unfair labor practice case, or may cause the NLRB to issue you a subpoena and seek enforcement of the subpoena in federal court.

EXHIBIT H

EXHIBIT H

FORM NLRB-506
(12-20)

## REVIEW THE FOLLOWING IMPORTANT INFORMATION
## BEFORE FILLING OUT A RESPONSIVE STATEMENT OF POSITION FORM

**Completing and Filing this Form:** For **RC and RD petitions**, the Petitioner is required to complete this form in response to each timely filed and served Statement of Position filed by another party. For **RM petitions**, the Employer-Petitioner must complete a Responsive Statement of Position form and submit the list described below. In accordance with Section 102.63(b) of the Board's Rules, if you are required to complete the form, you must have it signed by an authorized representative, and file a completed copy with any necessary attachments, with this office and serve it on all parties named in the petition responding to the issues raised in another party's Statement of Position, such that it is received no later than noon three business days before the date of the hearing. A separate form must be completed for each timely filed and properly served Statement of Position you receive. If more space is needed for your answers, additional pages may be attached.  If you have questions about this form or would like assistance in filling out this form, please contact the Board agent assigned to handle this case.  **You must E-File your Responsive Statement of Position at www.NLRB.gov, but unlike other e-Filed documents, it will *not* be timely if filed on the due date but after noon in the time zone of the Region where the petition was filed.  Note that if you are completing this form as a PDF downloaded from www.NLRB.gov, the form will lock upon signature and no further editing may be made.**

**Required List:**  In addition to responding to the issues raised in another party's Statement of Position, if any, the Employer-Petitioner in an RM case is required to file and serve on the parties a list of the full names, work locations, shifts, and job classifications of all individuals in the proposed unit as of the payroll period preceding the filing of the petition who remain employed at the time of filing. This list must be alphabetized (overall or by department). Unless the employer certifies that it does not possess the capacity to produce the list in the required form, the list must be in a table in a Microsoft Word file (.doc or .docx) or a file that is compatible with Microsoft Word, the first column of the table must begin with each employee's last name, and the font size of the list must be the equivalent of Times New Roman 10 or larger.  That font does not need to be used but the font must be that size or larger.  A sample, optional form for the list is provided on the NLRB website at www.nlrb.gov/sites/default/files/attachments/basic-page/node-4559/Optional Forms for Voter List.docx

**Consequences of Failure to Submit a Responsive Statement of Position:** Failure to supply the information requested by this form may preclude you from litigating issues under 102.66(d) of the Board's Rules and Regulations. Section 102.66(d) provides as follows:

> A party shall be precluded from raising any issue, presenting any evidence relating to any issue, cross-examining any witness concerning any issue, and presenting argument concerning any issue that the party failed to raise in its timely Statement of Position or to place in dispute in response to another party's Statement of Position or response, except that no party shall be precluded from contesting or presenting evidence relevant to the Board's statutory jurisdiction to process the petition.  Nor shall any party be precluded, on the grounds that a voter's eligibility or inclusion was not contested at the pre-election hearing, from challenging the eligibility of any voter during the election.  If a party contends that the proposed unit is not appropriate in its Statement of Position but fails to specify the classifications, locations, or other employee groupings that must be added to or excluded from the proposed unit to make it an appropriate unit, the party shall also be precluded from raising any issue as to the appropriateness of the unit, presenting any evidence relating to the appropriateness of the unit, cross-examining any witness concerning the appropriateness of the unit, and presenting argument concerning the appropriateness of the unit.  If the employer fails to timely furnish the lists of employees described in §§102.63(b)(1)(iii), (b)(2)(iii), or (b)(3)(iii), the employer shall be precluded from contesting the appropriateness of the proposed unit at any time and from contesting the eligibility or inclusion of any individuals at the pre-election hearing, including by presenting evidence or argument, or by cross-examination of witnesses.

EXHIBIT H

EXHIBIT H

FORM NLRB-506
(12-20)

UNITED STATES GOVERNMENT<br>
NATIONAL LABOR RELATIONS BOARD<br>
**RESPONSIVE STATEMENT OF POSITION – RC, RD or RM PETITION**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case No.<br>31-RC-312064 | Date Filed<br>February 13, 2023 |

***INSTRUCTIONS:*** *If a party has submitted and served on you a timely Statement of Position to an RC, RD or RM petition, the Petitioner must submit this Responsive Statement of Position to an NLRB Office in the Region in which the petition was filed and serve it and any attachments on each party named in the petition in this case such that it is received by noon local time, three business days prior to the hearing date specified in the Notice of Hearing. A separate form must be completed for each timely filed and properly served Statement of Position received by the Petitioner. The Petitioner-Employer in a RM case is required to file this Responsive Statement of Position and include an appropriate employee list without regard to whether another party has filed a Statement of Position.*

This Responsive Statement of Position is filed by the Petitioner in response to a Statement of Position received from the following party:

| The Employer | An Intervenor/Union |
|---|---|
| | |

1a. Full Name of Party Filing Responsive Statement of Position

| 1c. Business Phone | 1d. Cell No. | 1e. Fax No. | 1f. E-Mail Address |
|---|---|---|---|
| | | | |

1b. Address (Street and Number, City, State, and ZIP Code)

2. Identify all issues raised in the other party's Statement of Position that you dispute and describe the basis of your dispute:

   **a. EMPLOYER NAME/IDENTITY** [Box 1a of Statement of Position Form NLRB-505 and Questionnaire on Commerce Information]
   ☐ No Dispute (no further response required)   ☐ Dispute (response required below)
   Response to Statement of Position:

   **b. JURISDICTION** [Box 2 of Statement of Position Form NLRB-505 and Questionnaire on Commerce Information]
   ☐ No Dispute (no further response required)   ☐ Dispute (response required below)
   Response to Statement of Position:

   **c. APPROPRIATENESS OF UNIT** [Boxes 3, 3a and 3b of Statement of Position Form NLRB-505]
   ☐ No Dispute (no further response required)   ☐ Dispute (response required below)
   Response to Statement of Position:

   **d. INDIVIDUAL ELIGIBILITY** [Box 4 of Statement of Position Form NLRB-505]
   ☐ No Dispute (no further response required)   ☐ Dispute (response required below)
   Response to Statement of Position:

   **e. BARS TO ELECTION** [Box 5 of Statement of Position Form NLRB-505]
   ☐ No Dispute (no further response required)   ☐ Dispute (response required below)
   Response to Statement of Position:

   **f. ALL OTHER ISSUES** [Box 6 of Statement of Position Form NLRB-505]
   ☐ No Dispute (no further response required)   ☐ Dispute (response required below)
   Response to Statement of Position:

   **g. ELECTION DETAILS** [Boxes 8a, 8b, 8c, 8d, 8e, 8f, and 8g of Statement of Position Form NLRB-505]
   ☐ No Dispute (no further response required)   ☐ Dispute (response required below)
   Response to Statement of Position:

| Full Name and Title of Authorized Representative | Signature of Authorized Representative | Date |
|---|---|---|
| | | |

**WILLFUL FALSE STATEMENTS ON THIS PETITION CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)** PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. Section 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation proceedings. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. 74942-43 (December 13, 2006). The NLRB will further explain these uses upon request. Failure to supply the information requested by this form may preclude you from litigating issues under 102.66(d) of the Board's Rules and Regulations and may cause the NLRB to refuse to further process a representation case or may cause the NLRB to issue you a subpoena and seek enforcement of the subpoena in federal court.
*Please fill all necessary fields on the form PRIOR to digitally signing. To make changes after the form has been signed, right-click on the signature field and click "clear signature." Once complete, please sign the form.*

EXHIBIT H

EXHIBIT H

FORM NLRB-5580
(6-20)

## UNITED STATES OF AMERICA
## NATIONAL LABOR RELATIONS BOARD

### DESCRIPTION OF VOTER LIST REQUIREMENT AFTER HEARING IN CERTIFICATION AND DECERTIFICATION CASES

If an election is directed, the employer must provide the voter list. To be timely filed and served, the voter list must be *received* by the Regional Director and the parties named in the Decision and Direction of Election within 2 business days after the issuance of the Decision unless a longer period, based on extraordinary circumstances, is specified in the Decision and Direction of Election. A certificate of service on all parties must be filed with the Regional Director when the voter list is filed. The region will not serve the voter list.

**List Contents -** The list must include the full names, work locations, shifts, job classifications, and contact information (including home addresses, available personal email addresses and available home and personal cellular telephone numbers of all eligible voters). The Employer must also include in separate sections of that list the same information for those individuals the parties have agreed will be permitted to vote subject to challenge or those individuals who, according to the Decision and Direction of Election, will be permitted to vote subject to challenge.

**List Format -** The list must be in an electronic format approved by the General Counsel, unless the Employer certifies that it does not have the capacity to produce the list in the required format. Accordingly, unless otherwise agreed to by the parties, the list must be provided in a table in a Microsoft Word file (.doc or .docx) or a file that is compatible with Microsoft Word (.doc or .docx). The first column of the list must begin with each employee's last name and the list must be alphabetized (overall or by department) by last name. Because the list will be used during the election, the font size of the list must be the equivalent of Times New Roman 10 or larger. That font does not need to be used but the font must be that size or larger. A sample, optional form for the list is provided on the NLRB website at: **www.nlrb.gov/sites/default/files/attachments/basic-page/node-4559/Optional Forms for Voter List.docx**.

It may be appropriate for the Employer to produce multiple versions of the list where the data required is kept in separate databases or files so long as all of the lists link the information to the same employees, using the same names, in the same order and are provided within the allotted time. If the Employer provides multiple lists, the list used at the election will be the list containing the employees' names and addresses.

**Filing of the List -** The voter list must be filed electronically by submitting (E-Filing) it through the Agency's website (**www.nlrb.gov**), unless the Employer provides a written statement explaining why electronic submission is not possible or feasible. The Employer must also electronically serve the list on the other parties. To file electronically, go to **www.nlrb.gov**, click on *E-File Case Documents*, and follow the detailed instructions. The burden of establishing the timely filing and receipt of the list is on the sending party. If you have questions about the submission, please promptly contact the Board agent investigating the petition.

**Service of the List -** The list must be served on the parties named in the Decision and Direction of Election within 2 business days after issuance of the Decision, unless another date has been specified. A certificate of service on all parties must be filed with the Regional Director when the voter list is filed. The Employer's failure to file or serve the list within the specified time or in proper format shall be grounds for setting aside the election whenever proper and timely objections are filed. The Employer may not object to the failure to file or serve the list within the specified time or in the proper format if it is responsible for the failure.

The parties are not allowed to use the list for purposes other than the representation proceeding, Board proceedings arising from it, and related matters.

Page 11

EXHIBIT H

EXHIBIT H

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 31

| | |
|---|---|
| Loma Linda University Health Education Consortium )<br><br>        Respondent,<br><br>and<br><br>Union of American Physicians & Dentists<br><br>        Petitioner. | Case No. 31-RC-312064 |

## LOMA LINDA INLAND EMPIRE CONSORTIUM FOR HEALTHCARE EDUCATION dba LOMA LINDA UNIVERSITY HEALTH EDUCATION CONSORTIUM'S MOTION TO BIFURCATE JURISDICTIONAL DETERMINATION AND TO STAY ALL OTHER PROCEEDINGS

Loma Linda Inland Empire Consortium for Healthcare Education dba Loma Linda University Health Education Consortium ("LLUHEC"), through counsel, hereby moves the Regional Director to bifurcate the matter of whether the Board has jurisdiction over LLUHEC from the remaining representational issues and stay all other proceedings until the jurisdictional question is finally resolved.[1] If the Regional Director grants LLUHEC's request to bifurcate and stay the remaining proceedings, LLUHEC further requests that the Regional Director decide the threshold jurisdictional issue through briefing and issue a briefing schedule. In support of its requests, LLUHEC makes the below showing to demonstrate why the jurisdictional question is a

---

[1] LLUHEC is not asking the Regional Director for a novel procedural action. Regional Directors have previously bifurcated issues, including a jurisdictional question, and issued stays. *See Ukiah Adventist Hospital*, 332 NLRB 602 fns. 1 & 2 (2000); *Lockheed Martin Co.*, 217 NLRB 573 (1975).

1

EXHIBIT H

EXHIBIT H

critical threshold issue that should be resolved before the Region conducts a representational hearing.

## I.    BACKGROUND AND PROCEDURAL POSTURE

On February 13, 2023,[2] the Union of American Physicians & Dentists ("the Union") filed a petition seeking to represent "[a]ll residents and fellows employed" at LLUHEC, a consortium of religious educational institutions. Currently, the representation hearing is scheduled to begin on March 6.[3]

## II.    LLUHEC IS A PART OF THE SEVENTH-DAY ADVENTIST CHURCH AND INTEGRAL TO ITS MISSION

LLUHEC, which itself is a part of the Seventh-day Adventist Church, is one of a number of Seventh-day Adventist health and educational entities that comprise Loma Linda University Health ("LLUH"). LLUH, which is also a Church organization, is located in the Inland Empire, and has as its primary purpose to serve the Seventh-day Adventist Church in its mission "to make man whole" physically, intellectually, emotionally, and spiritually. The global purpose of LLUH and its constituent entities, including LLUHEC, is to continue Jesus Christ's healing and teaching ministries. This is accomplished through education of health care professionals, scholars, and scientists, delivery of health care, and research.

LLUHEC operates approximately 70 residency programs for the purpose of educating approximately 800 fellows and residents regarding how to minister to patients in a manner that is consistent with its Christ-based mission "to make man whole." Thus, unlike other medical educators, LLUHEC teaches future physicians how to care for the whole person, including

_____

[2] All dates hereafter are in 2023 unless otherwise noted.

[3] On February 27, 2023, LLUHEC filed a motion with the Region asking it to continue the hearing until at least March 14, 2023.

92510942v.9

EXHIBIT H

EXHIBIT H

tending to the spiritual needs of their patients. Through meetings, conferences, prayer sessions, and the distribution of documents, spirituality is infused in the entire educational process.

### III.     THE BOARD LACKS JURISDICTION UNDER ITS *BETHANY COLLEGE* DECISION

Bowing to rebukes from the District of Columbia, First, and Second Circuit Courts of Appeal, the Board recognized in *Bethany College* that it "has an important mission to protect employees' rights set forth in the National Labor Relations Act, but those rights are subordinate to those enshrined in the Constitution where there is a potential conflict between the two." 369 NLRB No. 98, slip op. at 7 (2020). The Board further recognized that it has no expertise in interpreting the Religious Clauses of the First Amendment and should therefore refrain from engaging in analysis of what "does and does not constitute a religious function" at *bone fide* religious educational institutions. *Id.* at 8.

Operating from this foundation, the Board rejected its prior precedent[4] used to determine jurisdiction over religious educational institutions because that precedent "'not only fail[ed] to avoid the First Amendment questions, it plow[ed] right into them at full tilt' by again calling on the Board 'to judge the religiosity of the functions that the faculty perform.'" *Id.* at 6 (citation omitted).

The Board, consistent with the Supreme Court's decision in *NLRB v. Catholic Bishop of Chicago*, 440 U.S. 490 (1979) and the District of Columbia Circuit's  decision in *University of Great Falls v. NLRB*, 278 F.3d 1335 (D.C. Cir. 2002), among others,[5] then held that when

---

[4] *Pacific Lutheran University*, 361 NLRB 1404 (2014).

[5] *See e.g., Duquesne University of the Holy Spirit v. NLRB*, 947 F.3d 824 (D.C. Cir. 2020); *Carrol College v. NLRB,* 558 F.3d 568 (D.C. Cir. 2009); *Universidad Central de Bayamon v. NLRB*, 793 F.2d 383 (1st Cir. 1986) (en banc); *NLRB v. Bishop Ford Central Catholic High School*, 623 F.2d 818 (2d. Cir. 1980).

EXHIBIT H

EXHIBIT H

determining whether jurisdiction should be asserted over the faculty of a religious educational institution, it will look only to whether the institution: (1) holds itself out to the public as a religious institution, (2) is nonprofit, and (3) is religiously affiliated. *Id.* at 1, 3-5.

Importantly, when considering limitations placed on the Board's jurisdiction by the Constitution,  the Board's construction and application of the religious institution exception to its own jurisdiction receives no deference from federal courts. *See Univ. Great Falls*, 278 F.3d at 1340; *Bethany College*, 369 NLRB No. 98, slip op. at 8. Moreover, the burden to establish Board jurisdiction clearly rests on the General Counsel. *Bethany College*, at 6, n.8 (citing *Construction and General Laborers Local 1177*, 269 NLRB 746, 746 (1984); *Carroll College v. NLRB*, 558 F.3d 568, 547 (D.C. Cir. 2009)).

### A. The Three-Prong Test Created in *Great Falls,* and Adopted in *Bethany College,* Also **Should  Be Applied to the Residents and Fellows Sought By the Union**

The Board has not addressed whether the three-part test adopted in *Bethany College* applies to students who attend a religious educational institution, but the reasoning underlying *Bethany College*, and the Supreme Court and Circuit Court decisions upon which it rests, fully support such a determination. As first principles, it is improper for the Board to "engage in a balancing of competing statutory and constitutional interest," and the Act must be "interpreted to avoid the substantial risk of infringement of the rights contained in the Religious Clauses." *Bethany College*, 369 NLRB No. 98, slip op. at 7. Moreover, "[i]t is not only the conclusions that may be reached by the Board which may impinge on rights guaranteed by the Religion Clauses, *but also the very process of inquiry leading to findings and conclusions.*" *Catholic Bishop*, 440 U.S. at 502 (emphasis added).

Regarding this risk to First Amendment rights, the Supreme Court in *Catholic Bishop* saw "no escape from conflicts flowing from the Board's exercise of jurisdiction over teachers in

EXHIBIT H

EXHIBIT H

church-operated schools and the consequent serious First Amendment questions that would follow." 440 U.S. at 504. To state this differently, when the Board goes "trolling through the beliefs of [a religious educational institution], making determinations about its religious mission," it violates the First Amendment. *University of Great Falls*, 278 F.3d at 1342.

The same unavoidable First Amendment conflicts that arose from the Board seeking to exercise jurisdiction over teachers at religious schools are equally present if the Board sought to exercise jurisdiction over the students at such institutions.[6] This is true for at least three reasons, all related to the immutable nature of a religious educational institution.

First, the purpose of a religious educational institution is inherently and inextricably intertwined with the teaching of its students. Indeed, providing an education informed by its particular religious beliefs is the primary reason for such a school's existence. *See Lemon v. Kurtzman*, 403 U.S. 602, 628 (1971) (Justice Douglas concurrence) (noting that "the admitted and obvious fact that the *raison d'être* of parochial schools is the propagation of a religious faith."). The Supreme Court in *Catholic Bishop* acknowledged this by repeatedly invoking the mission of a religious school and recognizing there was no way in which the Board could exercise jurisdiction over the teachers at such an institution without unconstitutionally invading it religious mission. 440 U.S. at 501-502. *Catholic Bishop* also keenly observed that the instruction provided by a religious school, even in ostensibly secular subjects like reading, is infused with religious doctrine. *Id.* at 501.

---

[6] LLUHEC is aware that the Union contends that, in addition to being students, medical fellows and residents also are employees, a point with which LLUHEC disagrees.  Even if medical fellows and residents had dual status as both students and employees, this does not change the analysis, especially because the purpose of the LLUHEC residency programs is to train new physicians in a manner consistent with the Church's education and healing ministries.   Put another way, the residency programs are inextricably intertwined with the Church's religious mission.

5

EXHIBIT H

EXHIBIT H

Second, and closely linked to the first reason, is the reciprocal interest shared among faculty and students in the religious nature of the instruction. The former provides the instruction, and the latter receives the instruction. And regardless of whether you are the teacher or the student, the instruction maintains its religious elements. To make a distinction between teacher and student for First Amendment purposes would be nonsensical and constitutionally forbidden.

Third, if the Board were to exercise jurisdiction over the residents and fellows, it would be necessary for it to inquire into, among other things, whether certain actions were required by the tenets  and teachings of the Seventh-day Adventist faith and what constitutes a term and condition of employment.[7] *See Chicago Bishop*, 440 U.S. at 502-503.  As noted, those considerations are inextricably intertwined.  For instance, the Board would have to determine whether a requirement that a resident or fellow engage in prayer with a patient is a religious matter or a term and condition of employment. Or whether two residents who refuse to engage in such a requirement are engaged in protected, concerted activity. The Board is not empowered to undertake such doctrinal assessments.  Such are the constitutional pitfalls of exercising jurisdiction over students at religious educational facilities.

Because the First Amendment conflicts are the same for teachers and students at religious educational facilities, the test to determine whether the Board may constitutionally exercise jurisdiction over them should also be the same. Accordingly, the Region should apply the three-pronged *Bethany College* test to determine whether it has jurisdiction over the residents and fellows.

---

[7] Indeed, the Union has already filed an unfair labor practice charge against LLUHEC. *See* Case No. 31-CA-312728.

92510942v.9

EXHIBIT H

EXHIBIT H

**B.  LLUHEC Easily Satisfies the *Bethany College* Test.**

LLUHEC will present its evidence regarding the three *Bethany College* elements to the Regional Director at the appropriate time, but hereby informs the Regional Director in good faith that it will have no difficulty in establishing that it holds itself out and operates as a religious institution, is nonprofit, and is religiously affiliated.

**C.  The Region Can Decide the Jurisdictional Question Based Solely on the Submission of Briefs.**

LLUHEC is also confident that it can satisfy the evidentiary requirements established in *Great Falls* and adopted in *Bethany* through the submission of a brief and a small number of accompanying exhibits and without a hearing requiring the testimony of witnesses. Thus, if the Regional Director is in agreement that jurisdictional standard established in *Bethany* is applicable to the residents and fellows that Union seeks to organize, LLUHEC requests that the Regional Director issue an order establishing a briefing schedule.

**IV.  *UKIAH* IS NOT DETERMINATIVE**

The Union might argue that the jurisdictional inquiry in this matter is governed by the Board's decision in *Ukiah Adventist Hospital D/B/A Ukiah Valley Medical Center and California Nurses Association,* 332 NLRB 602 ( 2000) ("*Ukiah*"). Any such argument would be mistaken for at least five separate reasons.

First, *Ukiah* predated and did not address  the subsequent development of *Bethany College* and the Constitutional analysis consistent with the Supreme Court's admonitions in *Catholic Bishop.*

Second, *Ukiah* was wrongly decided from the start, a point which is likely to involve briefing at a later date.

7

EXHIBIT H

EXHIBIT H

Third, in the more than two decades since the Board's decision in *Ukiah*, the Supreme Court and numerous Circuit Courts have made clear that the proper analysis of claims under the Religious Freedom Restoration Act, 42 U.S.C. § 2000(bb) ("RFRA"), is much more demanding than that applied by the Board in *Ukiah*.

Fourth, *Ukiah* is inapplicable on its face because it involved a hospital and its registered nurses, while this case involves an educational institution and its students (medical residents and fellows).

Fifth, the RFRA jurisprudence establishes that the analysis is fact-specific, which means that blanket rules may not be created. For example, the *Ukiah* Board considered the impact that a refusal to exercise jurisdiction over the hospital would have on the bargaining rights for registered nurses working at the many other Seventh-day Adventist hospitals located throughout the country. 332 NLRB at 605. Here, however, there are no other Seventh-day Adventist residency programs in the country.

## V.     BIFURCATION IS ALSO DICTATED BY PRACTICAL CONSIDERATIONS AND COMMON SENSE

Even if bifurcation were not Constitutionally-compelled,[8] which it is, bifurcation is dictated by practical considerations and common sense.

The Union will certainly claim that all issues should be litigated at once "as it will just take a little more time to do so." That claim would be invalid.

As set forth in LLUHEC's Statement of Position, this case involves over 800 fellows and residents, studying in over 60 different residency programs, assigned to over 40 different locations, many of which are under the control of organizations not affiliated with LLUHEC. It

---

[8] See *Chicago Bishop*, 440 U.S. at 502 (recognizing that Board proceedings alone can constitute violations of the First Amendment).

8

EXHIBIT H

EXHIBIT H

would not take much imagination to conclude that, putting aside the jurisdictional issue, the following issues will result in a hearing that easily could last weeks.

- A complete record to show that LLUHEC residents and fellows are students, and not employees under *Boston Medical Center*, and even if they were, that *Boston Medical Center* was wrongly decided and should be disavowed by the Court of Appeals.

- Whether the 40 or so non-LLUHEC locations at which residents and fellows are assigned that are owned and operated by other organizations are joint or single employers with LLUHEC and must be made a part of this case.

- The propriety of a multi-facility unit that consists of up to 40 or so non-LLUHEC locations that are owned and operated by other organizations.

 Each of these issues is important and litigation of each will take significant time.  And, of course, this would be in addition to "normal" issues such as supervisory status, and unit composition.  To take the time to litigate these issues only to eventually learn that the Board lacked jurisdiction in the first instance makes no sense.

WHEREFORE, LLUHEC requests that the Regional Director bifurcate the question of whether the Board has jurisdiction over LLUHEC from the representational proceedings, stay all

9

EXHIBIT H

EXHIBIT H

other proceedings until the jurisdictional matter is finally resolved, and issue an order scheduling

briefing on the jurisdictional issue.[9]

Respectfully submitted,

SEYFARTH SHAW

Jeffrey A. Berman
Christian J. Rowley

Attorneys for Loma Linda University Health
Education Consortium

560 Mission Street, 31st Floor
San Francisco California, 94105
crowley@seyfarth.com
415.544.1001

February 27, 2023

---

[9] On February 23 and 25, 2023, counsel for the Petitioner advised counsel for LLUHEC by
telephone that the Union opposed this request.

10

EXHIBIT H

EXHIBIT H

## **CERTIFICATE OF SERVICE**

I, Christian J. Rowley, caused a copy of Loma Linda Inland Empire Consortium for

Healthcare Education (dba) Loma Linda University Health Education Consortium's Motion for

Continuance to be served via email upon the following party on this 27th day of February, 2023:

> David A. Rosenfeld
> Weinberg, Roger & Rosenfeld
> 1375 55th Street
> Emeryville, CA 94608
> drosenfeld@unioncounsel.net
> nlrbnotices@unioncounsel.net
> (Counsel for Union of American Physicians & Dentists)

11

EXHIBIT H

EXHIBIT H

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 31

| | | |
|---|---|---|
| Loma Linda University Health Education Consortium | ) ) ) | |
| Respondent, | ) ) | Case No. 31-RC-312064 |
| and | ) ) | |
| Union of American Physicians & Dentists | ) ) ) | |
| Petitioner. | ) | |

## LOMA LINDA INLAND EMPIRE CONSORTIUM FOR HEALTHCARE EDUCATION dba LOMA LINDA UNIVERSITY HEALTH EDUCATION CONSORTIUM

## MOTION FOR CONTINUANCE OF HEARING

Loma Linda Inland Empire Consortium for Healthcare Education dba Loma Linda University Health Education Consortium ("LLUHEC"), through counsel, moves for a continuance of the representation hearing in the above-referenced case, which presently is scheduled to begin on March 6, 2023. The grounds and good cause for this request are as follows:

1.     It is LLUHEC's position that the Board does not have jurisdiction in this case consistent with *Bethany College*, 369 NLRB No. 98 (2020), and the jurisdictional test adopted therein which is further set forth in *University of Great Falls v. NLRB*, 278 F.3d 1335 (D.C. Cir. 2002). These considerations are echoed in the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, and the First Amendment.

2.     Jeffrey Berman has been engaged by LLUHEC to address these threshold jurisdictional issues. Mr. Berman has long-scheduled and pre-paid travel outside of the United States for  the entire week of March 6, 2023. For more than four decades, Mr. Berman has been

1

EXHIBIT H

EXHIBIT H

involved in the decisions that go directly to the jurisdictional issues that LLUHEC will be raising – either representing a party or an amicus. These include the *University of Great Falls*, *Carroll College, Inc. v. NLRB*, 558 F.3d 568 (D.C. Cir. 2009), *Ukiah Valley Medical Center*, 332 NLRB 602 (2000), and *Hosanna-Tabor Evangelical Lutheran Church & Sch. V. EEOC,* 565 U.S. 171 (2012). Mr. Berman's presence at the commencement of any hearing is essential given the importance of these threshold jurisdictional issues to an orderly and proper resolution of this case.

3.      Should the Region proceed with the case beyond these threshold jurisdictional issues, the undersigned is scheduled to be out of state with pre-purchased travel and non-refundable hotel rooms for an event that his teenage son is participating in on March 9, 2023 through late in the evening on March 12, 2023.

4.      Accordingly, LLUHEC requests that the March 6, 2023 hearing be postponed to March 13, 2023 (or to such other later date that Region deems appropriate) to accommodate the foregoing counsel availability, and to provide the Region with sufficient time to address the threshold jurisdictional issues in a sensitive manner that does not "'troll[ ] through the beliefs of'" a religious institution, "making determinations about its religious mission." *Duquesne Univ. of the Holy Spirit v. NLRB*, 947 F.3d 824, 835 (D.C. Cir. 2020); *accord Hosanna-Tabor Evangelical Lutheran Church & Sch. V. EEOC*, 565 U.S. 171, 188–89 (2012) ("Establishment Clause … prohibits government involvement in … ecclesiastical decisions").

5.      LLUHEC is filing concurrently a motion to bifurcate any hearing to first consider and decide the threshold jurisdictional issue, which, standing alone, will require a significant amount of hearing time.

2

EXHIBIT H

EXHIBIT H

6.      As an additional reason for postponement, the Petition seeks to represent residents and fellows assigned to more than 48 locations, which are owned and operated by a myriad of entities and could result in potential joint/single employer issues. This will substantially change and dramatically expand the scope of any hearing that may be held, and additional time will be needed to prepare for and conduct such comprehensive proceedings in a well-ordered manner.

7.      Prior to filing this Motion, the undersigned (Mr. Rowley) spoke with the Petitioner's counsel, David A. Rosenfeld, on Thursday February 23 and again on Saturday February 27 to obtain his position regarding the Motion (as well as his position as to the separate issue of bifurcation and a stay to address the jurisdictional issues). Mr. Rosenfeld informed the undersigned by telephone, among other things, that he had conflicts on March 15 for a medical matter, and March 20 for a pre-planned and purchased vacation.  Mr. Rosenfeld was, however, consulting with the Union and his colleagues and would get back to counsel for LLUHEC on the motion to continue the hearing start.[1]  At the time of this filing at around 11 a.m. on February 27, 2023, Mr. Rosenfeld had not yet advised counsel of his position on the motion for continuance.

---

[1] Mr. Rosenfeld did note that the Union was opposed to a stay or bifurcation of the hearing.

EXHIBIT H

EXHIBIT H

WHEREFORE, LLUHEC requests that the hearing in this matter be continued until at least March 13, 2023.

Respectfully submitted,

SEYFARTH SHAW

_____

Christian J. Rowley
Jeffrey A. Berman

Attorneys for Loma Linda University Health
Education Consortium

560 Mission Street, 31st Floor
San Francisco California, 94105
crowley@seyfarth.com
415.544.1001

February 27, 2023

4

EXHIBIT H

EXHIBIT H

## **CERTIFICATE OF SERVICE**

I, Christian J. Rowley, caused a copy of Loma Linda Inland Empire Consortium for

Healthcare Education (dba) Loma Linda University Health Education Consortium's Motion for

Continuance to be served via email upon the following party on this 27th day of February, 2023:

> David A. Rosenfeld
> Weinberg, Roger & Rosenfeld
> 1375 55th Street
> Emeryville, CA 94608
> drosenfeld@unioncounsel.net
> nlrbnotices@unioncounsel.net
> (Counsel for Union of American Physicians & Dentists)

5

EXHIBIT H

DAVID A. ROSENFELD, Bar No. 058163
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  nlrbnotices@unioncounsel.net
         drosenfeld@unioncounsel.net

Attorneys for Petitioner UNION OF AMERICAN
PHYSICIANS & DENTISTS

UNITED STATES OF AMERICA

NATIONAL LABOR RELATIONS BOARD

REGION 31

| | |
|---|---|
| LOMA LINDA UNIVERSITY HEALTH EDUCATION CONSORTIUM, <br><br>        Respondent, <br><br>   and <br><br> UNION OF AMERICAN PHYSICIANS & DENTISTS, <br><br>        Petitioner. | No. 31-RC-312064 <br><br> **OPPOSITION TO MOTIONS** |

The employer in this case is seeking to delay these proceedings interminably.  The reason should be obvious.  Residents move on after completing their residency employment and seek employment elsewhere.  There will be a large segment of the residents who leave in the summer to be employed elsewhere.  Delay will serve to disenfranchise them.

The employer seeks a continuance of the hearing which is now set for March 6, 2023.  The UAPD opposes that continuance.  There are enough lawyers in the law firm representing the employer to handle this case and there is no compelling need to postpone the matter until one lawyer can handle it.  Various court filings involving Loma Linda University and its related

EXHIBIT H

EXHIBIT H

entities have been represented by more than Mr. Berman including cases where the religious and ministerial exemptions have been argued.

In any case, if the Region is considering the postponement to which UAPD objects, it should be for as short a period as possible and certainly no later than Monday, March 13, 2023. If the continuance is granted, it should be conditioned upon the employer waiving the right to file a post hearing brief and on the hearing continuing from day to day without interruption from 9:00 a.m. to 6:00 p.m. so that it is completed.

With respect to request for bifurcation, that is wholly unnecessary. As the employer concedes, the issues raised have already been resolved in prior Board decisions. This employer is trying to make new law and revise what have been unchallenged decisions holding that the Board has jurisdiction over healthcare institutions even if religiously affiliated.

The employer's contention that it is so religiously affiliated that it should be exempt from the Act on its face frivolous. The hospitals in which these residents are employed receive millions if not hundreds of millions of dollars of grants and federal and state money. They do not discriminate based upon religion with respect to medical care. They do not discriminate based on religion based on admission of residents or patients. Religions plays no role in surgery, a, endocrinology or any other branch of good medical care. In fact, it would violate federal law and state for the employer to discriminate based on religious with respect medical care.

The employer admits that it is trying to make new law and overrule years of precedent. That should not be a reason to deny these employees the right to be represented. It is a compelling reason to deny the motion to bifurcate or continue.

Similarly, these residents are employees. Even the employer's own internal documents call them employees and they are treated like employees under California and federal law.

Bifurcation only serves the interest of delay. These issues are settled and a hearing can began and be completed on all issues not just one issue.

Another important point is these issues are completely related and inseparable. Whether residents are employees and whether there is a religious exemption relate to the way the

EXHIBIT H

EXHIBIT H

employees are treated and the way they practice medicine.  The issues are inseparable.  The employer recognizes this by asserting these residents are students and not employees. T hat is a critical element of their argument on the religious exemption issue.

The employer makes a false argument that the hearing will be prolonged by having to litigate numerous residency programs. Nonsense, the residents rotate to different locations but all under the same program.  There are no residents in many of the asserted locations. There is no difference for purposes of the religious exemption issue.

Although the employer asserts the religious exemption, nowhere does it represent or argue that joining a union and being represented by a union interferes with any principles of the Seventh Day Adventist doctrines.  In fact, we submit it is consistent with the basics teaching of helping your fellow persons and he Golden Rule.

The employer's position of deny these workers of the right to better conditions of employment is contrary to the religious right of the residents to organize.

The request for bifurcation should be summarily denied.  The request for postponement should be also denied. The Region should summarily reject the employer's position on the ground that the law is settled as to health care institutions.  The Region should not permit litigation of either of those issues.

Dated:  February 28, 2023

Respectfully Submitted,

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By:        DAVID A. ROSENFELD

Attorneys for Petitioner UNION OF AMERICAN
PHYSICIANS & DENTISTS

EXHIBIT H

## PROOF OF SERVICE

On February 28, 2023, I served the following documents in the manner described below:

### OPPOSITION TO MOTIONS

☑    BY ELECTRONIC SERVICE:  By electronically mailing a true and correct copy through Weinberg, Roger & Rosenfeld's electronic mail system from dtaylor@unioncounsel.net to the email addresses set forth below.

On the following part(ies) in this action:

Christian Rowley
Jennifer Mora
Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105
Email: crowley@seyfarth.com
Email: jmora@seyfarth.com

Jeffrey Berman
Seyfarth Shaw LLP
2029 Century Park East, Suite 3500
Los Angeles, CA 90067
Email: jberman@seyfarth.com

Joshua Mittelberg
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 800
Chicago, IL 60606
Email: jditelberg@seyfarth.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 28, 2023, at Emeryville, California.

*Denise Taylor*

_____
Denise Taylor

155336\1344018

EXHIBIT H

EXHIBIT H

# UNITED STATES OF AMERICA
# BEFORE THE NATIONAL LABOR RELATIONS BOARD
# REGION 31

**LLU – HEALTH ED CONSORTIUM**

       **Employer**

       **and**                           **Case 31-RC-312064**

**UNION OF AMERICAN PHYSICIANS &
DENTISTS (UAPD)**

       **Petitioner**

## ORDER DENYING MOTION TO BIFURCATE AND STAY PROCEEDINGS, GRANTING MOTION FOR CONTINUANCE, AND RESCHEDULING HEARING

On February 27, 2023, the Employer filed a Motion to Bifurcate Jurisdictional Determination and to Stay All Other Proceedings, and a Motion for Continuance of Hearing in this matter. On February 28, 2023, the Petitioner filed an Opposition to the Employer's Motions.

Having duly considered both parties' positions, the Employer's Motion to Bifurcate Jurisdictional Determination and to Stay all Other Proceedings is hereby DENIED, and the Employer's Motion for Continuance of Hearing is GRANTED. Accordingly,

**IT IS HEREBY ORDERED** that the hearing in the above-entitled matter is rescheduled from March 6, 2023 at 9:00 AM to **9:00 AM** on **Monday, March 13, 2023** by **Zoom videoconference**. The parties are advised that the hearing will continue on consecutive days until concluded, and further requests for postponement are unlikely to be granted.

Dated:  February 28, 2023

*Mori Rubin*

MORI RUBIN
REGIONAL DIRECTOR
NATIONAL LABOR RELATIONS BOARD
REGION 31
11500 W OLYMPIC BLVD., SUITE 600
LOS ANGELES, CA 90064-1753

EXHIBIT H

EXHIBIT H

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD

| | | |
|---|---|---|
| Loma Linda University Health Education Consortium | ) ) ) | |
| Respondent, | ) ) | Case No. 31-RC-312064 |
| and | ) ) | |
| Union of American Physicians & Dentists | ) ) ) | |
| Petitioner. | ) | |

## LOMA LINDA UNIVERSITY HEALTH EDUCATION CONSORTIUM'S REQUEST FOR EXPEDITED REVIEW OF REGIONAL DIRECTOR'S DENIAL OF MOTION TO BIFURCATE JURISDICTIONAL DETERMINATION AND STAY ALL OTHER PROCEEDINGS

Loma Linda University Health Education Consortium ("LLUHEC"), through counsel, requests that the Board review and reverse the Regional Director's denial of its motion to bifurcate the jurisdictional determination in this matter and stay all other proceedings. LLUHEC makes its request that the Board review the Regional Director's denial to bifurcate the jurisdictional determination pursuant to Section 102.67(c) of the Board's Rules and Regulations (29 CFR § 102.67(c)).[1] LLUHEC makes its request for the extraordinary relief of expedited consideration and to stay all proceedings pursuant to section 102.67(j)(1) of the Board's Rules and Regulations (29 CFR § 102.67(j)(1)).

The Supreme Court in *NLRB v. Catholic Bishop*, 440 U.S. 490 (1979) recognized that even subjecting a  religious educational institution to the Board's processes may

---

[1] The explanatory notes to 2014 modifications to the Board's Rules and Regulations make it clear that Section 102.67(c) is the proper procedure for a party to seek review of any action delegated to a regional director under Section 3(b) unless the Rules and Regulations otherwise prohibit it.

1

EXHIBIT H

EXHIBIT H

unconstitutionally trample its First Amendment rights. Given the importance of these constitutionally-guaranteed rights, the hearing scheduled to commence on March 13, 2023 should be limited in scope to the small number of jurisdictional facts permitted by *Catholic Bishop* and its progeny.

## I.    BACKGROUND AND PROCEDURAL POSTURE

On February 13, 2023,[2] the Union of American Physicians & Dentists ("the Union") filed a petition seeking to represent "[a]ll residents and fellows employed" at LLUHEC, a consortium of religious educational institutions. The representation hearing  originally was scheduled to begin on March 6. On February 27, LLUHEC filed two motions with the Regional Director of Region 31.

The first motion requested that the issue of whether the Board may properly exercise jurisdiction over LLUHEC be bifurcated and that all other proceedings be stayed until the jurisdictional issue is resolved. The second motion requested that the representation hearing be continued until at least March 13. On February 28, the Union filed its opposition to both of LLUHEC's motions. On that same day, the Regional Director issued an order denying LLUHEC's request to bifurcate and stay and granting LLUHEC's motion to continue the representation hearing until March 13.

## II.   LLUHEC IS A PART OF THE SEVENTH-DAY ADVENTIST CHURCH
##        AND INTEGRAL TO ITS MISSIONS

So that the Board can understand the serious constitutional issues presented by this case, it is necessary to have some understanding of the history and structure of the Seventh-day Adventist Church ("the Church"), how the Church's teachings infuse and govern the operation of

---

[2] All dates hereafter are in 2023 unless otherwise noted.

2

EXHIBIT H

EXHIBIT H

LLUHEC and the Church's historic teaching that prohibits its institutions, such as LLUHEC, from recognizing or bargaining with unions.[3]

The Seventh-day Adventist Church ("the Church") is a religious organization with doctrinal roots in an American religious revival movement from the mid-nineteenth century. The Church has grown to more than 18 million members worldwide and owns and operates thousands of schools, universities, hospitals and publishing houses. Each of these institutions falls within the Church hierarchy and must support the goals, objectives, and philosophies of the Church.

Ellen G. White, whom the Church believes was a divinely-inspired prophetess, is the source of many of the Church's teachings and her writings are authoritative guidance for the Church in the operation of its healthcare institutions. Mrs. White taught that the "medical missionary work" was to be "the right arm of the body of truth" "under the direction of the divine Head" to prepare for Christ's second coming.[4]

Mrs. White emphasized the centrality of the Healing Mission to the Adventist faith: "[i]f you are a Christian and a competent physician, you are qualified to do tenfold more good as a missionary for God than if you were to go forth merely as a preacher of the word."[5] Indeed, she taught that "[m]edical missionary work is the pioneer work of the gospel" and it is through

---

[3] When the merits of the jurisdictional issue are to be decided, LLUHEC will present a more complete description of the Church and LLUHEC. At that time, LLUHEC will support all the factual claims made then, and here in this Request for Expedited Review, with documentary evidence.

[4] *Instruction for Effective Christian Service*, p. 134 (circa 1905).

[5] *The Gospel of Health*, "Medical Missionary Work," Vol. 1, No. 5, 6, June-July 1897; *see also Testimonies for the Church*, Vol. 5, pp. 439-49.

3

EXHIBIT H

EXHIBIT H

medical missionary work that Church workers have a unique opportunity to gain access to people and spread to them the Gospel.[6]

LLUHEC is one of the many Church healthcare and educational institutions, but is one of the few that are General Conference institutions, the General Conference being the Church's highest body.  LLUHEC and these other institutions are engaged in the medical missionary work envisioned by Mrs. White. LLUHEC operates approximately 70 residency programs for the purpose of educating approximately 800 fellows and residents regarding how to minister to patients in a manner that is consistent with Church teachings. It was conceived as "an educational entity where students could learn to provide the finest medical care possible, grounded in the wholeness of the Bible's narrative."[7] Its mission "is to continue the teaching and healing ministry of Jesus Christ . .  in a setting of advancing medical science and providing a stimulating clinical and research environment for the education of physicians, nurses and other health professionals."[8]

Thus unlike most other medical educational facilities, the Church's religious beliefs touch on all aspects of the education at LLUHEC and the institution "encourage[s] a personal Christian faith that permeates the lives of those we educate."[9]  The motto and mission of LLUHEC and the related Loma Linda entities is to "To make man whole," by focusing on the whole person-- physically, intellectually, emotionally, and spiritually—and not just physically as happens in the typical healthcare setting.  To this end, residents and fellows at LLUHEC are encouraged to

---

[6] Ellen G. White, *The Ministry of Healing*, "Work of the Disciples," p. 144, 145-146.

[7] Spiritual Plan p. 3.

[8] Mission, Visions and Values p. 1

[9] Mission and Values, p. 2.

4

EXHIBIT H

conduct themselves in accordance with the Church's teachings, educate junior students on
Church doctrine,  and participate in prayer sessions with patients.

III.     **THE BOARD SHOULD SAFEGUARD LLUHEC'S FIRST AMENDMENT
         RIGHTS FROM UNNECESSARY VIOLATION BY BIFURCATING THE
         JURISDICTIONAL DETERMINATION AND STAYING ALL OTHER
         PROCEEDINGS**

   A.  **The Board's Exercise Of Jurisdiction Over Religious Educational Institutions
       Like LLUHEC Creates Significant Risk That It Will Violate The Institution's
       First Amendment Rights**

The Board recognized in *Bethany College* that it "has an important mission to protect
employees' rights set forth in the National Labor Relations Act, but those rights are subordinate
to those enshrined in the Constitution where there is a potential conflict between the two." 369
NLRB No. 98, slip op. at 7 (2020). As such, it is improper for the Board to "engage in a
balancing of competing statutory and constitutional interest," and the Act must be "interpreted to
avoid the substantial risk of infringement of the rights contained in the Religious Clauses."
*Bethany College,* 369 NLRB No. 98, slip op. at 7. The Board further recognized that it has no
expertise in interpreting the Religious Clauses of the First Amendment and should therefore
refrain from engaging in analysis of what "does and does not constitute a religious function" at
*bone fide* religious educational institutions. *Id.* at 8.

Moreover, the Supreme Court in *NLRB v. Catholic Bishop* acknowledged that "[i]t is not
only the conclusions that may be reached by the Board which may impinge on rights guaranteed
by the Religion Clauses, *but also the very process of inquiry leading to findings and
conclusions." Catholic Bishop,* 440 U.S. at 502 (emphasis added). Regarding this risk to First
Amendment rights, the Supreme Court in *Catholic Bishop* saw "no escape from conflicts flowing
from the Board's exercise of jurisdiction over teachers in church-operated schools and the
consequent serious First Amendment questions that would follow." 440 U.S. at 504. To state this

EXHIBIT H

EXHIBIT H

differently, when the Board goes "trolling through the beliefs of [a religious educational institution], making determinations about its religious mission," it violates the First Amendment. *University of Great Falls,* 278 F.3d at 1342.[10]

The same unavoidable First Amendment conflicts that arose from the Board seeking to exercise jurisdiction over teachers at religious schools are equally present if the Board sought to exercise jurisdiction over the students at such institutions.[11] This is true for at least three reasons, all related to the immutable nature of a religious educational institution.

First, the purpose of a religious educational institution is inherently and inextricably intertwined with the teaching of its students. Indeed, providing an education informed by its particular religious beliefs is the primary reason for such a school's existence. *See Lemon v. Kurtzman,* 403 U.S. 602, 628 (1971) (Justice Douglas concurrence) (noting that "the admitted and obvious fact that the *raison d'être* of parochial schools is the propagation of a religious faith.").

The Supreme Court in *Catholic Bishop* acknowledged this by repeatedly invoking the mission of a religious school and recognizing there was no way in which the Board could jurisdiction over the teachers at such an institution without unconstitutionally invading it

---

[10] For additional criticism of the Board's exercise of jurisdiction over religious education institutions see *Duquesne University of the Holy Spirit v. NLRB,* 947 F.3d 824 (D.C. Cir. 2020); *Carrol College v. NLRB,* 558 F.3d 568 (D.C. Cir. 2009); *Universidad Central de Bayamon v. NLRB,* 793 F.2d 383 (1st Cir. 1986) (en banc); *NLRB v. Bishop Ford Central Catholic High School,* 623 F.2d 818 (2d. Cir. 1980).

[11] LLUHEC is aware that the Union contends that, in addition to being students, medical fellows and residents also are employees, a point with which LLUHEC disagrees. Even if medical fellows and residents had dual status as both students and employees, this does not change the analysis, especially because the purpose of the LLUHEC residency programs is to train new physicians in a manner consistent with the Church's education and healing ministries. Put another way, the residency programs are inextricably intertwined with the Church's religious mission and this would not be changed even if the fellows and residents wore two hats:  student and employee.

6

EXHIBIT H

EXHIBIT H

religious mission. 440 U.S. at 501-502. *Catholic Bishop* also keenly observed that the instruction provided by a religious school, even in ostensibly secular subjects like reading, is infused with religious doctrine. *Id.* at 501.[12]

Second, and closely linked to the first reason, is the reciprocal interest shared among faculty and students in the religious nature of the education. The former provides the instruction, and the latter receives the instruction. They are two sides of the same coin.

And regardless of whether you are the teacher or the student, the teaching maintains its religious elements. Indeed, the fundamental element of Amendment protection is not role of the teachers and students, but the religious nature of the education in which they both participate. To make a distinction between teacher and student for First Amendment purposes would be nonsensical, infringe upon the church authorities to provide instruction in accord with their religious beliefs and constitutionally forbidden.

Third, if the Board were to exercise jurisdiction over the residents and fellows, it would be necessary for it to inquire into, among other things, whether certain actions were required by the tenets and teachings of the Seventh-day Adventist faith and what constitutes a term and condition of employment.[13] *See Chicago Bishop,* 440 U.S. at 502-503.

As noted, those considerations are inextricably intertwined. For instance, the Board would have to determine whether a requirement that a resident or fellow engage in prayer with a patient is a religious matter or a term and condition of employment. Or whether two residents

---

[12] LLUHEC will make its evidentiary showing at the proper time, but it clear that this concern is present here. LLUHEC's mission is "is to continue the teaching and healing ministry of Jesus Christ" by providing the residents and fellows the Union seeks to organize an education "grounded in the wholeness of the Bible's narrative."

[13] Indeed, the Union has already filed an unfair labor practice charge against LLUHEC. *See* Case No. 31-CA-312728.

EXHIBIT H

EXHIBIT H

who refuse to engage in such a requirement are engaged in protected, concerted activity. The Board is not empowered to undertake such doctrinal assessments. Such are the constitutional pitfalls of exercising jurisdiction over students at religious educational facilities.

### B. The Board Should Apply The *Bethany College* Standard When Determining Whether It May Properly Exercise Jurisdiction Here

The Board has not addressed whether the three-part test adopted in *Bethany College* applies to students who attend a religious educational institution, but the reasoning underlying *Bethany College,* and the Supreme Court and Circuit Court decisions upon which it rests, fully support such a determination here.[14] This is because, as demonstrated in the previous section, the First Amendment conflicts are the same for teachers and students at religious educational facilities, and the test to determine whether the Board may constitutionally exercise jurisdiction over them should also be the same. Accordingly, the Region should apply the three-pronged test adopted in  *Bethany College.*[15]

### C. Bifurcating The Jurisdictional Determination Will Not Result In Excessive Delay

---

[14] In *Bethany College* the Board rejected the test adopted in *Pacific Lutheran University,* 361 NLRB 1404 (2014), used to determine jurisdiction over religious educational institutions because that precedent "'not only fail[ed] to avoid the First Amendment questions, it plow[ed] right into them at full tilt' by again calling on the Board 'to judge the religiosity of the functions that the faculty perform.'" *Id.* at 6 (citation omitted). The Board, consistent with the Supreme Court's decision in *NLRB v. Catholic Bishop of Chicago,* 440 U.S. 490 (1979) and the District of Columbia Circuit's decision in *University of Great Falls v. NLRB,* 278 F.3d 1335 (D.C. Cir. 2002), among others, then held that when determining whether jurisdiction should be asserted over the faculty of a religious educational institution, it will look only to whether the institution: (1) holds itself out to the public as a religious institution, (2) is nonprofit, and (3) is religiously affiliated.

[15]  Moreover, the burden to establish Board jurisdiction clearly rests on the General Counsel. *Bethany College*, at 6, n.8 (citing *Construction and General Laborers Local 1177*, 269 NLRB 746, 746 (1984); *Carroll College v. NLRB*, 558 F.3d 568, 547 (D.C. Cir. 2009)).  Importantly, the courts are clear that the Board should be cautious in considering limitations placed on the Board's jurisdiction by the Constitution, *i.e.*, the Board's construction and application of the religious institution exception to its own jurisdiction receives no deference from federal courts. *See Univ. Great Falls*, 278 F.3d at 1340; *Bethany College*, 369 NLRB No. 98, slip op. at 8.

8

EXHIBIT H

EXHIBIT H

LLUHEC is also confident that it can satisfy the evidentiary requirements established in *Great Falls* and adopted in *Bethany College* through the submission of a brief and a small number of accompanying exhibits and without a hearing requiring the testimony of witnesses. LLUHEC will be able to prepare and submit these to the Region in a timely manner. And given the importance of the jurisdictional issue, the slight delay that may arise from bifurcating the issue is merited to ensure LLUHEC's First Amendment rights are not violated.

**D. The Bifurcation Of An Issue From a Representational Proceeding And The Staying Of Other Issues Are Not Novel Requests**

LLUHEC is not seeking a novel procedural action. In *Ukiah Adventist Hospital,* the Regional Director bifurcated the jurisdictional issue and stayed the representation hearing pending the Board's ruling on jurisdiction. 332 NLRB 602, fns. 1 & 2 (2000). And in *Lockheed Martin Co.,* the hearing officer, with the approval of the Regional Director, granted the charged party's motion to bifurcate the issue of whether the unit was appropriate and  stayed the representation hearing so that such issue could be addressed preliminarily. 217 NLRB 573 (1975).

**E. The Board Should Act Expeditiously**

The hearing in this matter is scheduled to commence a little more than a week away.  If the requested relief is not granted by then, the First Amendment rights of LLUHEC will be prejudiced and harmed if the threshold issue of whether the Board has jurisdiction in this matter is not first determined.

WHEREFORE, LLUHEC requests that the grant its request that the Board review and reverse the Regional Director's denial to bifurcate the question of whether the Board has

92725202v.4

EXHIBIT H

EXHIBIT H

jurisdiction over LLUHEC from the representational proceedings and stay all other proceedings until the jurisdictional matter is finally resolved.

Respectfully submitted,

SEYFARTH SHAW

*Jeffrey Berman*

Jeffrey Berman
Christian J. Rowley
John J. Toner
Michael Berkheimer

Counsel For Loma Linda University Health
Education Consortium

10

EXHIBIT H

EXHIBIT H

## <u>NOTICE OF FILING/CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that the foregoing Request For Expedited Review Of

Regional Director's Denial Of Motion To Bifurcate Jurisdictional Determination And Stay All

Other Proceedings was filed electronically via the National Labor Relations Board's electronic

filing system on this 2nd day of March, 2023 and that a copy was served via e-mail upon:

> David A. Rosenfeld
> Weinberg, Roger & Rosenfeld
> 1375 55th Street
> Emeryville, CA 94608
> drosenfeld@unioncounsel.net
> nlrbnotices@unioncounsel.net
> (Counsel for Union of American Physicians & Dentists)

> *Jeffrey Berman*
> _____
> Jeffrey Berman

92725202v.4

EXHIBIT H

EXHIBIT H

DAVID A. ROSENFELD, Bar No. 058163
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  drosenfeld@unioncounsel.net

Attorneys for Petitioner UNION OF AMERICAN
PHYSICIANS & DENTISTS

UNITED STATES OF AMERICA

NATIONAL LABOR RELATIONS BOARD

REGION 31

| | |
|---|---|
| LOMA LINDA UNIVERSITY HEALTH EDUCATION CONSORTIUM, | No. 31-RC-312064 |
| Respondent, | **OPPOSITION TO REQUEST FOR EXPEDITED REVIEW** |
| and | |
| UNION OF AMERICAN PHYSICIANS & DENTISTS, | |
| Petitioner. | |

There is no legitimate First Amendment issue  There is no RFRA issue.  The Board has

repeatedly held that a religiously affiliated healthcare institution is not exempt.  The Consortium

employs employees without regard to religion.  The patients are admitted without regard to

religion.  The employees serve in many facilities which are public hospitals or other hospitals

which claim no religious affiliation.  The medicine that they learn and practice as employees is

the same irrespective of religion.  The human bodies they treat do not know religion.  Neither do

the medicines and procedures.  The low pay and poor working conditions are without regard to

religions.  The employer can make its record before the Region.  Another healthcare institution

EXHIBIT H

EXHIBIT H

affiliated with the same religious group stipulated to an election without even raising this First

Amendmnet or RFRA issue.  The Request for Expedited Review should be denied forthwith.


Dated:  March 3, 2023                              Organize!

                                                   WEINBERG, ROGER & ROSENFELD
                                                   A Professional Corporation

                                          By:      _____
                                                        DAVID A. ROSENFELD

                                                   Attorneys for Petitioner UNION OF AMERICAN
                                                   PHYSICIANS & DENTISTS

EXHIBIT H

**PROOF OF SERVICE**

On March 3, 2023, I served the following documents in the manner described below:

**OPPOSITION TO REQUEST FOR EXPEDITED REVIEW**

☑      BY ELECTRONIC SERVICE:  By electronically mailing a true and correct copy
       through Weinberg, Roger & Rosenfeld's electronic mail system from
       dtaylor@unioncounsel.net to the email addresses set forth below.

On the following part(is) in this action:

Christian Rowley                          Jeffrey Berman
Jennifer Mora                             Seyfarth Shaw LLP
Seyfarth Shaw LLP                         2029 Century Park East, Suite 3500
560 Mission Street, Suite 3100            Los Angeles, CA 90067
San Francisco, CA 94105                   Email: jberman@seyfarth.com
Email: crowley@seyfarth.com
Email: jmora@seyfarth.com

Joshua Dittelberg                         Mori Rubin. Regional Director
Seyfarth Shaw LLP                         Regional Office 31 - Los Angeles, CA
233 S. Wacker Drive, Suite 800            11500 W Olympic Blvd, Suite 600
Chicago, IL 60606                         Los Angeles, CA 90064-1753
Email: jditelberg@seyfarth.com            Email: Mori.Rubin@nlrb.gov

        I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct. Executed on March 3, 2023, at Emeryville, California.

_Denise Taylor_
_____
        Denise Taylor

155336\1345271

EXHIBIT H

EXHIBIT H

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD

LLU – HEALTH ED CONSORTIUM
      Employer

    and                                                Case 31-RC-312064

UNION OF AMERICAN PHYSICIANS &
DENTISTS (UAPD)
      Petitioner

ORDER

      The Employer's Request for Expedited Review of the Regional Director's Denial of Motion to Bifurcate Jurisdictional Determination and Stay All Other Proceedings is denied as it raises no substantial issues warranting review.  The Employer's request for extraordinary relief is denied as moot.

                                LAUREN McFERRAN,      CHAIRMAN

                                MARVIN E. KAPLAN,      MEMBER

                                DAVID M. PROUTY,      MEMBER

Dated, Washington, D.C., March 13, 2023.

EXHIBIT H