EXHIBIT A

# OFFICE OF THE GENERAL COUNSEL

**MEMORANDUM GC 21-04**　　　　　　　　　　　　　　　**August 12, 2021**

TO:　　　　　All Regional Directors, Officers-in-Charge,
　　　　　　　　and Resident Officers

FROM:　　　Jennifer A. Abruzzo, General Counsel

SUBJECT:　Mandatory Submissions to Advice

　　　　Thanks to the strength of Regional staffs across the country, the vast majority of cases can and should be processed without guidance or excessive oversight from Headquarters. Ensuring that Regions have all the necessary resources to process their cases and provide the public with the highest quality service is something I hope to make a hallmark of my term as General Counsel. However, there are some areas that I believe compel centralized consideration.

　　　　In this regard, over the past several years, the Board has made numerous adjustments to the law, including a wide array of doctrinal shifts. These shifts include overruling many legal precedents which struck an appropriate balance between the rights of workers and the obligations of unions and employers. At the same time, there are many other issues that also should be carefully considered to determine whether current law ensures that employees have the right to exercise their fundamental Section 7 rights both fully and freely. Submissions of these topics to Advice will allow the Regional Advice Branch to reexamine these areas and counsel the General Counsel's office on whether change is necessary to fulfill the Act's mission.

　　　　This memo is divided into three sections. The first section identifies cases and subject matter areas where, in the last several years, the Board overruled legal precedent; the second section identifies other initiatives and areas that, while not necessarily the subject of a more recent Board decision, are nevertheless ones I would like to carefully examine; and the third section identifies other casehandling matters traditionally submitted to Advice.

　　　　No list such as this will be exhaustive.[1] The Board's issuance of decisions often raises new questions. In addition, other yet-to-be-considered policy issues will undoubtedly arise. Regions should be sensitive to the need to submit such issues to Advice. Regions should seek clearance from Advice before taking controversial positions, e.g., before seeking to overturn Board precedent. Regions should also continue to make Operations aware of cases that are the subject of attention outside of their local area, or that have a high profile in the local area. If such cases involve Advice issues, Regions should also notify Advice.

---

[1] I am aware that there are many important cases and issues not included in this initial memo; I fully expect that this memo will be supplemented at some point in the future to include other important issues, as well as refinements.

EXHIBIT A

EXHIBIT A

A. <u>Cases Involving Board Doctrinal Shifts</u>

   **1. Employer handbook rules**

- Cases involving the applicability of *The Boeing Co.*, 365 NLRB No. 154 (2017), (imposing a new framework for determining the legality of workplace/employee handbook rules). This includes, but is not limited to, *Boeing's* applicability to confidentiality rules, non-disparagement rules, social media rules, media communication rules, civility rules, respectful and professional manner rules, offensive language rules and no camera rules. This further includes applicability of *L.A. Specialty Produce Co.*, 368 NLRB No. 93 (2019) (changing General Counsel's initial burden in rules cases to not only establish that a reasonable employee would interpret a facially neutral rule as potentially interfering with the exercise of Section 7 rights, but that work rules should be judged from the perspective of the objectively reasonable employee who is aware of his legal rights and also interprets work rules as they apply to the "everydayness" of his job).

- Cases involving the applicability of *AT&T Mobility*, 370 NLRB No. 121 (2021) (overruling prong three of *Lutheran Heritage Village-Livonia*, 343 NLRB 646 (2004), and finding that an otherwise lawful work rule applied to restrict Section 7 activity remains lawful and that rescission of such rule in those circumstances is inappropriate).

   **2. Confidentiality provisions/Separation agreements and instructions**

- Cases involving the applicability of *Baylor University Medical Center*, 369 NLRB No. 43 (2020) overruling *Clark Distribution Systems*, 336 NLRB 747 (2001) and finding that separation agreements that contain confidentiality and non-disparagement clauses, as well as those prohibiting the departing employee from participating in claims brought by any third party against the employer in return for severance monies, lawful. *See also International Game Technology*, 370 NLRB No. 50 (2020) (applying *Baylor* to a separation agreement requiring the departing employee not to make any public statements "detrimental to the business or reputation" of the employer).

- Cases involving applicability of *Apogee Retail LLC d/b/a Unique Thrift Store*, 368 NLRB No. 144 (2019) (overruling *Banner Estrella Medical Ctr.*, 362 NLRB 1108 (2015) and assessing confidentiality rules applicable to workplace investigations under the Board's decision in *The Boeing Co.*, 365 NLRB No. 154 (2017) rather than on a case by case basis). *See also Watco Transloading, LLC*, 369 NLRB No. 93 slip op. at 8, n. 24 (2020) and *Alcoa Corp.*, 370 NLRB No. 107 (2021) (extending the holding of *Apogee* to oral confidentiality instructions given to employees).

- Cases involving the applicability of *California Commerce Club*, 369 NLRB No. 106 (2020) (overruling *Professional Janitorial Services of Houston*, 363 NLRB No. 35 (2015) and finding confidentiality provision of arbitration agreement that prohibits "disclosure of evidence or award/decision beyond the arbitration proceeding" lawful under the Act).

### 3. What constitutes protected concerted activity

- Cases involving the applicability of *Alstate Maintenance, LLC,* 367 NLRB No. 68 (2019) (overruling *WorldMark by Wyndham*, 356 NLRB 765 (2011) and narrowly construing what rises to the level of concerted activity and what constitutes mutual aid or protection within the meaning of Section 8(a)(1)). See also, *Quicken Loans, Inc.*, 367 NLRB No. 112 (2019) (narrowly construing bathroom conversation as not involving working conditions). In addition, Regions should also submit cases involving the applicability of the inherently concerted doctrine, set forth in *Hoodview Vending Co.*, 359 NLRB 355 (2012), including to subjects other than wages, but that regularly arise in the workplace, such as issues involving employees' health and safety.

- Cases involving applicability of *Rio All-Suites Hotel and Casino*, 368 NLRB No. 143 (2019) (overruling *Purple Communications*, 361 NLRB 1050 (2014) governing employees' rights to use an employer's email system for workplace communications). Regions should also submit cases involving employees' use of other electronic platforms in the workplace, i.e. Discord, Slack, Groupme, or other employer communication systems.

- Cases involving the applicability of *Wynn Las Vegas, LLC*, 369 NLRB No. 91 (2020) (overruling the standard for distinguishing solicitation from mere "union talk" articulated in *Wal-Mart Stores*, 340 NLRB 637 (2003)).

- Cases involving the applicability of *Amnesty International of the USA, Inc.*, 368 NLRB No. 112 (2019) (narrowing what constitutes mutual aid or protection; Board holding, among other things, that employees who engage in a concerted protest on behalf of interns are not engaged activity for mutual aid or protection within the meaning of Section 7 of the Act).

### 4. *Wright Line*/General Counsel's burden

- Cases involving the applicability of *Tschiggfrie Properties, Ltd*., 368 NLRB No. 120 (2019) (overruling *Mesker Door*, 357 NLRB 591 (2011) and *Libertyville Toyota*, 360 NLRB 1298 (2014) and heightening the animus requirement for the General Counsel's prima facie burden in *Wright Line* cases.)

- Cases involving the applicability of *Electrolux Home Products*, 368 NLRB No. 34 (2019) (de-emphasizing the significance of pretext in furtherance of satisfying the General Counsel's burden under *Wright Line*, and distinguishing *El Paso Electric Co.*, 355 NLRB 428 n. 3 (2010) and *Whitesville Mill Service Co.*, 307 NLRB 937 (1992) (where pretext was relied upon to satisfy the General Counsel's burden of proof)).

- Cases involving the applicability of *General Motors*, 369 NLRB No. 127 (2020) (overruling *Atlantic Steel*, 245 NLRB 814 (1979) and calling other site-specific standards into question and, instead, requiring the application of *Wright Line* in most adverse action cases).

EXHIBIT A

### 5. Remedial issues

- Cases involving applicability of *Shamrock Foods Co.*, 369 NLRB No. 5 (2020) (distinguishing earlier Board cases, including *Clark Distribution Systems*, 336 NLRB 747, 751 (2001) and *Webel Feed Mills & Pike Transit Co.*, 229 NLRB 178, 179-80 (1977) and finding the offer of significantly more backpay than is owed in return for a waiver of reinstatement lawful).

- Cases involving the applicability of *UPMC*, 365 NLRB No. 153 (2017) (overruling the "full remedy" standard set forth in *Postal Service*, 364 NLRB No. 116 (2016) for the acceptance of settlement agreements, even over the objections of the General Counsel and/or charging party, if the terms are "reasonable" under an *Independent Stave* analysis).

### 6. Union access

- Cases involving the applicability of *Tobin Center for the Performing Arts*, 368 NLRB No. 46 (2019) (overruling *New York New York Hotel & Casino*, 356 NLRB 907 (2011) and holding that a property owner may exclude off duty contractor employees seeking access to engage in Section 7 activity unless they work both regularly and exclusively on the property and the property owner fails to show they have one or more reasonably non-trespassory alternative means of communication).

- Cases involving the applicability of *UPMC*, 368 NLRB No. 2 (2019), and *Kroger Ltd Partnership,* 368 NLRB No. 64 (2019) (overruling *Sandusky Mall*, 329 NLRB 618 (1999) and redefining discrimination to allow an employer to exclude union representatives from, inter alia, access to public spaces on employer property).

### 7. Union dues

- Cases involving the applicability of *Valley Hospital Medical Center*, 368 NLRB No. 139 (2019) (overruling *Lincoln Lutheran of Racine*, 362 NLRB 1655 (2015) and finding that an employer may lawfully cease checking off and remitting dues unilaterally following contract expiration).

- Cases involving the applicability of *United Nurses & Allied Professionals (Kent Hospital)*, 367 NLRB No. 94 (2019) (requiring that unions provide non-member *Beck* objectors with verification that the financial information disclosed to them has been independently audited and that lobbying costs are not chargeable to such objectors).

### 8. Employee status

- Cases involving the applicability of *SuperShuttle DFW, Inc.*, 367 NLRB No. 75 (2019) (overruling *FedEx Home Delivery*, 361 NLRB 610 (2014) in determining whether a party has met its burden of establishing independent contractor status, with emphasis on the significance of entrepreneurial opportunity).

### 9. Board jurisdiction over religious institutions

- Cases involving the applicability of *Bethany College*, 369 NLRB No. 98 (2020) (overruling *Pacific Lutheran University*, 361 NLRB 1404 (2014) in determining whether to assert jurisdiction over religious educational institutions).

### 10. Employer duty to recognize and/or bargain

- Cases involving the applicability of *MV Transportation*, 368 NLRB No. 66 (2019) (overruling *Provena St. Joseph Medical Ctr.*, 350 NLRB 808 (2007), which set forth the clear and unmistakable waiver standard to determine whether an employer's unilateral action was permitted, and instead adopting a "contract coverage" standard, under which unilateral action is permitted if it falls within the compass or scope of certain contractual language in the CBA). Relatedly, cases involving the applicability of *Bath Iron Works Corp.*, 345 NLRB 499 (2005) (providing, in the contract modification context, that employer's interpretation of contract need only have a sound arguable basis to avoid finding a violation).

- Cases involving the applicability of *Johnson Controls, Inc.*, 368 NLRB No. 20 (2019) (overruling the "last in time" rule of *Levitz Furniture Co. of the Pacific*, 333 NLRB 717 (2001) and requiring that a union faced with an anticipatory withdrawal of recognition may only reacquire majority status through filing a petition for a Board election within 45 days from the date the employer gives notice of the anticipatory withdrawal).

- Cases involving the applicability of *Ridgewood Health Care Center, Inc.*, 367 NLRB No. 110 (2019) (overruling *Galloway School Lines*, 321 NLRB 1422 (1996) and finding that a successor employer that discriminates in refusing to hire a certain number of the predecessor's workforce to avoid a *Burns* successorship bargaining obligation does not necessarily forfeit the right to set employees' initial terms).

- Cases involving the applicability of *Raytheon Network Centric Systems*, 365 NLRB No. 161 (2017) (overruling *E.I. du Pont de Nemours*, 364 NLRB No. 113 (2016), where the Board held that actions consistent with a past practice created under a management rights clause in an expired contract or involving employer discretion constituted a change triggering a notice/bargaining obligation).

- Cases involving the applicability of *Arlington Metals Corp*, 368 NLRB No. 74 (2019) (distinguishing the Supreme Court decision in *NLRB v Truitt Mfg.*, 351 U.S. 149 (1956) and Board decision in *Nielsen Lithographing Co.*, 305 NLRB 697 (1992) in finding no claimed inability to pay triggering an obligation to furnish requested employer financial records and instead finding employer to be asserting "competitive disadvantage").

- Cases involving the applicability of *American Security Programs, Inc.*, 368 NLRB No. 151 (2019) (failing to follow a long line of cases provided for an affirmative bargaining order to remedy unlawful implementation of a last and final offer and unlawful unilateral changes).

- Cases involving the applicability *Sysco Grand Rapids, LLC*, 367 NLRB No. 111 (2019) (failing to confer an otherwise appropriate *Gissel* bargaining order based merely on delay, much of which was occasioned by the employer).

- Cases involving the applicability of *Pittsburgh Post-Gazette*, 368 NLRB No. 41, slip op. at 3, n.5 (2019) (distinguishing *Finley Hospital*, 362 NLRB 915 (2015) in determining whether the post-contract status quo required increases to employer fund contributions). See also *Richfield Hospitals, Inc.*, 368 NLRB No. 44, slip op. at 3, n.7 (2019) (where Board again declined to rely on *Finley* in connection with whether longevity pay increases were required post-contract expiration).

- Cases involving the applicability of *Care One at New Milford*, 369 NLRB No. 109 (2020) (overruling *Total Security Management, LLC*, 364 NLRB No. 106 (2016), and finding that employers have no duty to bargain over discretionary discipline of employees not yet covered by a collective bargaining agreement, provided the discipline is similar in kind and degree to past actions).

- Cases involving a refusal to furnish information related to customer complaints. See *Palace Station Hotel & Casino*, 368 NLRB No. 148 (2019) (overruling *Mercedes Benz of San Diego*, 357 NLRB No. 114 (2011) and finding these complaints not presumptively relevant).

11. **Deferral**

- Cases involving the applicability of *United Parcel Service*, 369 NLRB No. 1 (2019) (overruling *Babcock & Wilcox Construction Co.*, 361 NLRB 1127 (2014), which required the party urging deferral to demonstrate that (1) the arbitrator was explicitly authorized to decide the ULP issue, (2) the arbitrator was presented with and considered the statutory issue or was prevented from doing so by the party opposing deferral, and (3) Board law reasonably permits the arbitral award, and, instead, returning to the standards of *Spielberg Mfg*, 112 NLRB 1080 (1955) and *Olin Corp.*, 268 NLRB 573 (1984)).

B. Other Areas and Initiatives

  1. **Employee status**

- Cases involving the applicability of *Velox Express, Inc.*, 368 NLRB No. 61 (2019) (Board refusing to find a violation based on an employer having misclassified drivers as independent contractors).

- Cases involving the applicability of *Brevard Achievement Center, Inc.*, 342 NLRB 982 (2004) (declining to extend the Act's coverage to individuals with disabilities on grounds that these individuals, where working in a rehabilitative setting, are not employees within the meaning of Section 2(3) of the Act).

- Cases involving the applicability of *Toering Electric Co.*, 351 NLRB 225 (2007) (requiring a showing that an individual is someone genuinely interested in seeking

to establish an employment relationship to prove entitlement to Section 2(3) status as an employee under the Act).

### 2. *Weingarten*

- Cases involving the applicability of *United States Postal Service*, 371 NLRB No. 7 (2021) (Board refusing to find a pre-disciplinary interview right to information, including the questions to be asked in the interview, as a purported extension of *Weingarten*).

- Cases involving the applicability of *Weingarten* principles in non-unionized settings as enunciated in *IBM Corp*., 341 NLRB 1288 (2004).

### 3. National Mediation Board vs. NLRB jurisdiction

- Cases involving the applicability of *ABM Onsite Services-West* (2018) (Board, after initially asserting jurisdiction and certifying union as representative of employer's airport bag jammer technicians and dispatchers, reversed course and deferred to NMB's advisory decision in which NMB found RLA jurisdiction under traditional six-factor carrier control test and overruled NMB cases requiring carrier control over personnel decisions). *See also Oxford Electronics, Inc. d/b/a Oxford Airport Technical Srvcs.*, 369 NLRB No. 6 (Jan. 6, 2020) (giving substantial deference to National Mediation Board advisory opinions concerning RLA jurisdiction).

### 4. Employer duty to recognize and/or bargain

- Cases involving surface bargaining akin to what the Board found lawful in The *George Washington University Hospital*, 370 NLRB No. 118 (2021).

- Cases involving a refusal to furnish information related to a relocation or other decision subject to *Dubuque Packing* (see former Chairman Liebman's dissent in *Embarq Corp*., 356 NLRB No. 125 (2011) and OM-11-58).

- Cases involving the applicability of *Shaw's Supermarkets, Inc.*, 350 NLRB 585 (2007) (to assess whether this case should be overruled. The case permits mid-term withdrawals of recognition where they occur after the third year of a contract of longer duration).

- Cases in which an employer refuses to recognize and bargain with a union where the union presents evidence of a card majority, but where the employer is unable to establish a good faith doubt as to majority status; specifically, where the employer refusing to recognize has either engaged in unfair labor practices or where the employer is unable to explain its reason for doubting majority status in rejecting the union's demand. *See Joy Silk Mills, Inc*., 85 NLRB 1263 (1949).

### 5. Employees' Section 7 right to strike and/or picket

- Cases involving an allegation that an employer's permanent replacement of economic strikers had an unlawful motive under *Hot Shoppes*, 146 NLRB 802 (1964).

- Cases involving the applicability of *Wal-Mart Stores*, 368 NLRB No. 24 (2019) (broadly defining an intermittent strike).

- Cases involving the applicability of *Preferred Building Services, Inc.*, 366 NLRB No. 159 (2018) (Board finding employees picketed with a secondary object and lost protection of the Act where they were protesting sexual harassment and unsafe working conditions).

- Cases involving the applicability of *Service Electric Co.*, 281 NLRB 633 (1986) (allowing an employer to unilaterally set terms and conditions of employment for replacements even where those terms are superior to those that had been paid to striking unit employees).

**6. Remedies and compliance**

- Cases involving make-whole remedies for construction industry applicants or employees who sought or obtained employment as part of an organizing effort as enunciated in *Oil Capitol Sheet Metal, Inc.,* 349 NLRB 1348 (2007).

- Cases involving the applicability of *St. George Warehouse*, 351 NLRB 961 (2007) (to assess whether this case should be overruled and an employer should again have the burden of showing that a discriminatee failed to make an adequate search for interim employment).

- Cases involving the applicability of *Ex-Cello Corp*, 185 NLRB 107 (1970) (declining to provide a make whole compensatory remedy for failures to bargain).

**7. Employer interference with employees' Section 7 rights**

- Cases involving the applicability of *Tri Cast*, 274 NLRB 377 (1985) to employer statements that employee access to management will be limited if employees opt for union representation.

- Cases involving the applicability of *Crown Bolt*, 343 NLRB 776 (2004) (overruling *Springs Industries*, 332 NLRB 40 (2000) (in cases involving an employer's threat of plant closure where there is little evidence of dissemination to other employees, such dissemination should be presumed).

- Cases involving the applicability of *Cordua Restaurants, Inc.*, 368 NLRB No. 43 (2019) (Board finding, among other things, that an employer does not violate the Act by promulgating a mandatory arbitration agreement in response to employees engaging in collective action).

C. <u>Other Casehandling Matters Traditionally Submitted to Advice</u>

- Cases involving the validity of partial lockouts.

8

EXHIBIT A

- Cases in which the Region recommends alleging *Golden State* liability of an entity that has purchased a bankrupt entity through a free and clear sale.

- Cases involving the legality of a pending or completed lawsuit or the legality of allegedly overbroad discovery requests, where the Region recommends issuing complaint.

- Cases in which the Board invites parties to file position statements following a remand from the Court of Appeals or on the Board's own motion, and cases in which the Region wants to seek to file a brief notwithstanding the lack of a Board invitation to do so.

- Case in which the Board has invited the parties to file briefs addressing a novel or complex issue, or one of first impression.

- Cases involving the need to harmonize the NLRA with local, state, or other federal statutes.

- Cases involving potential or overlapping jurisdiction with other Federal agencies, unless there is an inter-agency memorandum of understanding.

- Injunction Litigation matters should be submitted to the Injunction Litigation Branch, including requests for authorization to file a Section 10(j) petition; 10(j) recommendations in all cases involving complaints seeking a *Gissel* bargaining order, discharges during an organizing drive, first contract bargaining, employer withdrawals of recognition, or successorship cases.

- Requests for authority to seek contempt of a Section10(j) or 10(l) order should be submitted to the Injunction Litigation Branch.

- Requests regarding appealing a Section 10(j) or 10(l) case in which a district court denied injunctive relief should be submitted to the Injunction Litigation Branch.

- Notice of any Notice of Appeal filed in a Section 10(j) or 10(l) case should be submitted to the Injunction Litigation Branch.

- Complex subpoena issues, including for example where there is a serious claim of privilege, where following issuance of any subpoena, intervening circumstances present enforcement problems, or where the Region is considering denying the request of a private party for enforcement of a subpoena *ex rel*.

- Cases where the Region lost an ALJD on an Advice-authorized legal theory and the Region does not want to take exceptions; cases where new evidence was introduced at the hearing that could call into question the continued validity of the Advice-authorized legal theory, and cases where an ALJD raises novel or complex questions even if the case was not previously submitted to Advice.

- EAJA cases where the Region wishes to pay a claim.

9

EXHIBIT A

EXHIBIT A

- Cases in which a Region has obtained a unilateral settlement agreement where the Regional Advice Branch had previously authorized complaint.

- Other casehandling matters identified in casehandling manuals or outstanding memoranda as requiring submission to Advice.

/s/
J.A.A