# OFFICE OF THE GENERAL COUNSEL

**MEMORANDUM GC 23-04**                                                               **March 20, 2023**

TO:        All Regional Directors, Officers-in-Charge,
             and Resident Officers

FROM:    Jennifer A. Abruzzo, General Counsel

SUBJECT:  Status Update on Advice Submissions Pursuant to GC Memo 21-04

On August 12, 2021, I issued GC Memo 21-04, Mandatory Submissions to Advice. Many of the issues identified for mandatory submission in that memorandum involved Board decisions that I believed were contrary to our Congressional mandate as they improperly compromised the statutory rights of workers we are required to protect. Many of these decisions overruled prior precedent that had already struck an appropriate balance between the rights of workers and the obligations of unions and employers. By placing these issues on the mandatory submission list, my goal was to provide transparency to the public and take a centralized approach to develop guidance for Regional Offices.

Placing these issues before the Board for reconsideration is one of my most important objectives as General Counsel. Without doing so, Board law that undermines workers' statutory rights remains unchallenged, which will continue to detrimentally impact millions of employees throughout the country.

Since the issuance of GC Memo 21-04, the Division of Advice has issued guidance, either in the form of Significant Advice Memoranda or inserts to be used in briefs to ALJs and/or the Board, for around 46 Board decisions identified in the initial mandatory submission memo and in later GC memos.[1] I take great pride in the excellent work done by the career

---

[1] The Board decisions for which guidance has issued include: *Alstate Maintenance, LLC*, 367 NLRB No. 68 (2019); *American Security Programs, Inc.*, 368 NLRB No. 151 (2019); *Amnesty International of the USA, Inc.*, 368 NLRB No. 112 (2019); *Anderson Enterprises*, 369 NLRB No. 70 (2020); *Apogee Retail d/b/a Unique Thrift Store*, 368 NLRB No. 144 (2019); *Arlington Metals Corp.*, 368 NLRB No. 74 (2019); *AT&T Mobility, LLC*, 370 NLRB No. 121 (2021); *Babcock & Wilcox*, 77 NLRB 577 (1948); *Bath Iron Works*, 345 NLRB 499 (2005); *Baylor University Medical Center*, 369 NLRB No. 43 (2020); *Boeing Co.*, 365 NLRB No. 154 (2017); *Bethany College*, 369 NLRB No. 98 (2020); *Bexar County Performing Arts Center Foundation d/b/a Tobin Center for Performing Arts*, 368 NLRB No. 46 (2019); *California Commerce Club*, 369 NLRB No. 106 (2020); *Care One at New Milford*, 369 NLRB No. 109 (2020); *Crown Bolt, Inc.*, 343 NLRB 776 (2004); *Electrolux Home Products*, 368 NLRB No. 34 (*2019); Ex-Cell-O Corp*, 185 NLRB 107 (1970); *General Motors, LLC.*, 369 NLRB No. 127 (2020); *George Washington University Hospital*, 370 NLRB No. 118 (2021); *Grosvenor Resort*, 350 NLRB 1197 (2007); *Hot Shoppes*, 146 NLRB 802 (1964); *IBM Corp.*, 341 NLRB 1288 (2004); *International Game Technology*, 370 NLRB No. 50 (2020); *Johnson Controls, Inc.*, 368 NLRB No. 20 (2019); *Kroger Ltd. P'ship,* 368 NLRB No. 64 (2019); *Linden Lumber Div., Summer & Co.*, 190 NLRB 718 (1971); *MV Transportation*, 368 NLRB No. 66 (2019*); Nielsen Lithographing Co.,* 305 NLRB 697 (1991); *Oil Capitol Sheet Metal, Inc.*, 349 NLRB 1348 (2007); *Preferred Building Services, Inc.*, 366 NLRB No. 159 (2018); *Raytheon Network Centric Systems*, 365 NLRB No. 161 (2017), *Rio All Suites Hotel and Casino*, 368 NLRB No. 143 (2019); *Shaw's Supermarkets, Inc.*, 350 NLRB 585 (2007); *Spruce Up Corp.*, 209 NLRB 194 (1974); *St George Warehouse,* 351 NLRB 961 (2007); *SuperShuttle DFW, Inc.*,

staff in crafting arguments for my consideration and in drafting related guidance pursuant to my determinations.

I am also appreciative of the Regional Offices for vigorously implementing the guidance so that we can more fully effectuate our Congressional mandate. Regions have been diligently ensuring that all guidance is properly followed when their cases involve those issues and precedent that warrant reconsideration, including, where appropriate, filing exceptions to place these decisions/issues before the Board. Regional Offices have processed hundreds of cases involving issues on the mandatory submissions list and subsequent GC memos. Of course, some of the Board decisions identified in the memos arise in ULP proceedings more frequently than others. For example, many cases have implicated the Board's decisions in *Tschiggfrie* and *Electrolux*, which modified the General Counsel's burden under *Wright Line* to require an additional showing of particularized animus, and minimized the significance of pretext, respectively. However, regardless of how frequently these Board decisions and legal issues are implicated, Regional Offices continue to present these important arguments to ALJs and the Board at every opportunity with the expectation that they will be addressed.[2]

Over time, as guidance and arguments in these areas have been fully developed, the majority of issues identified in GC Memo 21-04 no longer require submission to the Division of Advice. Thus, for those areas, absent unusual facts or complexities that would

---

367 NLRB No. 75 (2019); *Sysco Grand Rapids, LLC*, 367 NLRB No. 111 (2019); *Tri-Cast, Inc., 274 NLRB 377 (1985); Toering Electric Co.*, 351 NLRB 225 (2007); *Tschiggfrie Properties, Ltd.*, 368 NLRB No. 120 (2019); *UPMC*, 368 NLRB No. 2 (2019); *United Parcel Service*, 369 NLRB No. 1 (2019); *Valley Hospital Medical Ctr.*, 368 NLRB No. 139 (2019); *Velox Express*, 368 NLRB No. 61 (2019); *Wynn Las Vegas, LLC*, 369 NLRB No. 91 (2020).

[2] To date, the Board has taken the opportunity to reconsider and address these issues in a few cases. For example, in *Tesla, Inc.,* 371 NLRB No. 131 (Aug. 29, 2022), the Board agreed with the General Counsel's position, overruled *Wal-Mart Stores,* 368 NLRB No. 146 (2019), and returned to longstanding precedent holding that employer attempts to impose any restrictions on the display of union insignia, including apparel, are presumptively unlawful absent special circumstances. In *Valley Hospital,* 371 NLRB No. 160 (Sept. 30, 2022), on remand from the Ninth Circuit, the Board agreed with the General Counsel, returned to *Lincoln Lutheran of Racine,* 362 NLRB 1655 (2015), and held that employers may not unilaterally cease deducting employees' union dues pursuant to a valid dues-checkoff provision after expiration of a collective-bargaining agreement. In *Thryv, Inc.,* 372 NLRB No. 22 (Dec. 13, 2022), the Board agreed with the General Counsel about the necessity for full remedial relief and determined that victims of unfair labor practices must be compensated for all "direct or foreseeable pecuniary harm" caused by the unlawful conduct; the Board declined to adopt the General Counsel's position that victims are also entitled to emotional distress damages and left that issue for a future case. In *Bexar County II,* 372 NLRB No. 28 (Dec. 16, 2022), on remand from the D.C. Circuit, the Board agreed with the General Counsel's position in overruling *Bexar County I,* 368 NLRB No. 46 (2019), and restoring the rights of contracting employees to engage in protected concerted activity at their worksites as previously set forth in *New York New York Hotel & Casino,* 356 NLRB 907 (2011). And most recently, in *McLaren McComb*, 372 NLRB No. 58 (Feb. 21, 2023), the Board agreed with the General Counsel's position, overruled *Baylor University Medical Center*, 369 NLRB No. 43 (2020) and *IGT d/b/a International Game Technology*, 370 NLRB No. 50 (2020), and held that the proffer of severance agreements to permanently furloughed bargaining unit employees was unlawful where those agreements had non-disparagement and confidentiality clauses that interfered with the exercise of Section 7 rights.

otherwise make Advice consideration appropriate, Regions have been authorized to proceed consistent with outstanding guidance. Indeed, Regions are now only required to submit the following 15 issues from GC Memo 21-04 (Sections A and B, pp. 2-8) to the Regional Advice Branch.[3]

- Cases involving the applicability of the inherently concerted doctrine, set forth in *Hoodview Vending Co.*, 359 NLRB 355 (2012), including to subjects other than wages, but that regularly arise in the workplace, such as issues involving employees' health and safety, including insurance coverage; racism; gender or age-based discrimination; and sexual harassment.

- Cases involving applicability of *Shamrock Foods Co.*, 369 NLRB No. 5 (2020) (distinguishing earlier Board cases, including *Clark Distribution Systems*, 336 NLRB 747, 751 (2001) and *Webel Feed Mills & Pike Transit Co.*, 229 NLRB 178, 179-80 (1977) and finding the offer of significantly more backpay than is owed in return for a waiver of reinstatement lawful).

- Cases involving the applicability of *United Nurses & Allied Professionals (Kent Hospital)*, 367 NLRB No. 94 (2019) (requiring that unions provide non-member *Beck* objectors with verification that the financial information disclosed to them has been independently audited and that lobbying costs are not chargeable to such objectors).

- Cases involving the applicability of *Johnson Controls, Inc.*, 368 NLRB No. 20 (2019) (overruling the "last in time" rule of *Levitz Furniture Co. of the Pacific*, 333 NLRB 717 (2001) and requiring that a union faced with an anticipatory withdrawal of recognition, based upon evidence of a loss of majority support within 90 days prior to contract expiration, may only reacquire majority status through filing a petition for a Board election within 45 days from the date the employer gives notice of the anticipatory withdrawal during which time the employer is privileged to refuse to bargain or to suspend bargaining for a successor contract).

- Cases involving the applicability of *Ridgewood Health Care Center, Inc.*, 367 NLRB No. 110 (2019) (overruling *Galloway School Lines*, 321 NLRB 1422 (1996) and finding that a successor employer that discriminates in refusing to hire a certain number of the predecessor's workforce to avoid a *Burns* successorship bargaining obligation does not necessarily forfeit the right to set employees' initial terms).

- Cases involving the applicability of *Pittsburgh Post-Gazette*, 368 NLRB No. 41, slip op. at 3, n.5 (2019) (distinguishing *Finley Hospital*, 362 NLRB 915 (2015) in determining whether the post-contract status quo required increases to employer fund contributions). See also *Richfield Hospitals, Inc.*, 368 NLRB No. 44, slip op.

---

[3] This list is in addition to the other types of cases traditionally submitted to Advice (see GC 21-04, Section C, pp. 8-10), as well as to mandatory Injunction Litigation Branch submissions.

3

at 3, n.7 (2019) (where Board again declined to rely on *Finley* in connection with whether longevity pay increases were required post-contract expiration).

- Cases involving the applicability of *Brevard Achievement Center, Inc.*, 342 NLRB 982 (2004) (declining to extend the Act's coverage to individuals with disabilities on grounds that these individuals, where working in a rehabilitative setting, are not employees within the meaning of Section 2(3) of the Act).

- Cases involving the applicability of *United States Postal Service*, 371 NLRB No. 7 (2021) (Board refusing to find a pre-disciplinary interview right to information, including the questions to be asked in the interview, as a purported extension of *Weingarten*).

- Cases involving the applicability of *ABM Onsite Services-West* (2018) (Board, after initially asserting jurisdiction and certifying the union as representative of the employer's airport bag jammer technicians and dispatchers, reversed course and deferred to a National Mediation Board advisory decision in which NMB found Railway Labor Act jurisdiction under traditional six-factor carrier control test and overruled NMB cases requiring carrier control over personnel decisions). *See also Oxford Electronics, Inc. d/b/a Oxford Airport Technical Srvcs.*, 369 NLRB No. 6 (Jan. 6, 2020) (giving substantial deference to NMB advisory opinions concerning RLA jurisdiction).

- Cases involving a refusal to furnish information related to a relocation or other decision subject to *Dubuque Packing* (see former Chairman Liebman's dissent in *Embarq Corp.*, 356 NLRB No. 125 (2011) and OM-11-58).

- Cases involving the applicability of *Shaw's Supermarkets, Inc.*, 350 NLRB 585 (2007) (to assess whether this case should be overruled. The case permits mid-term withdrawals of recognition where they occur after the third year of a contract of longer duration).

- Cases involving the applicability of *Wal-Mart Stores*, 368 NLRB No. 24 (2019) (broadly defining an intermittent strike).

- Cases involving the applicability of *Service Electric Co.*, 281 NLRB 633 (1986) (allowing an employer to unilaterally set terms and conditions of employment for replacements even where those terms are superior to those that had been paid to striking unit employees).

- Cases involving the applicability of *Ex-Cell-O Corp*, 185 NLRB 107 (1970) (declining to provide a make whole compensatory remedy for failures to bargain).

- Cases involving the applicability of *Cordua Restaurants, Inc.*, 368 NLRB No. 43 (2019) (Board finding, among other things, that an employer does not violate the

Act by promulgating a mandatory arbitration agreement in response to employees engaging in collective action).

In addition, as set forth in GC Memo 23-02, Electronic Monitoring and Algorithmic Management of Employees Interfering with the Exercise of Section 7 Rights, Regions are now also required to submit to the Division of Advice cases involving electronic surveillance or algorithmic management that interferes with the exercise of Section 7 rights.

I explained in GC Memo 21-04 that no list of issues can be exhaustive, and new Board decisions often raise new questions. I fully anticipate that, as additional Board decisions issue, to the extent they raise questions as to application and interpretation, Regions will consult with the Division of Advice or submit such matters to it in order to ensure that our approach properly applies the law to maximize protection and enforcement of employee rights under the Act.

As described above (see, e.g., footnote 1), I have identified many issues warranting Board reconsideration; indeed many of these cases are currently pending before the Board.[4] But because cases may settle, pending cases may not ultimately remain with the Board, nor is it clear which cases the Board will ultimately view as appropriate for reconsidering the law. Thus, when arguing for a change in the law, Regions should be mindful in each case to analyze the facts of that case under the proposed new legal standard and to fully set forth the legal analysis supporting the need for that particular doctrinal change as better effectuating our Congressional mandate.

Regional Offices continue to do outstanding work in investigating and litigating cases that raise these issues and in making arguments to ALJs and the Board to reconsider extant Board law, respectively, so that all of us at the Agency ensure that employees enjoy the fullest protection under the NLRA.  I am confident that these efforts will ultimately bear significant, beneficial results for workers and workplaces across the country.

As always, questions you may have about any new Board decisions that may issue should be directed to the Division of Advice.   Thank you for your great work and dedication.

/s/
J.A.A.

---

[4] The cases currently before the Board raising one or more of these issues include at least the following: (1) *Stericycle*, 04-CA-137660; (2) *Atlanta Opera*, 10-RC-276292; (3) *Cemex*, 28-CA-230115; (4) *Ralph's Grocery*, 21-CA-073942; (5) *American Federation for Children*, 28-CA-246878; (6) *Home Depot*, 18-CA-273796; (7) *Parkside Café*, 10-CA-268413; (8) *Lion Elastomers*, 16-CA-190681; (9) *Endurance Environmental Solutions*, 09-CA-273873; (10) *Wendt*, 03-CA-212225; (11) *Inland Waters*, 07-CA-277239; (12) *ExxonMobil*, 16-CA-276089 et al.; (13) *Longmont United Hospital,* 27-CA-296153; (14) *Blue School*, 02-CA-292782; (15) *Oakrheem, d/b/a Hayward Convalescent Hosp.,* 32-CA-294577; (16) *Siren Retail Corp., d/b/a Starbucks*, 19-CA-299478; and (17) *ArrMaz Products*, 12-CA-294086.