UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOMA LINDA—INLAND EMPIRE CONSORTIUM FOR HEALTHCARE EDUCATION,<br>    Plaintiff<br>    v.<br>NATIONAL LABOR RELATIONS BOARD,<br>    Defendant. | Civil Action No. 23-0688 (CKK) |

MEMORANDUM OPINION
(April 11, 2023)

On February 13, 2023, Defendant National Labor Relations Board ("NLRB") commenced an administrative proceeding in California against Plaintiff Loma Linda—Inland Empire Consortium for Healthcare Education ("Plaintiff" or "Consortium") to determine whether the Consortium must collectively bargain with a local union which filed a petition with the NLRB.  The Consortium, a California resident with no ties to the District of Columbia, has moved this Court for preliminary injunctive relief enjoining the proceedings.  Binding appellate precedent instructs that a district court lacks jurisdiction over any challenge to an NLRB proceeding where a litigant may subsequently receive relief on appeal.  Because such relief remains available to the Consortium, and upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court *sua sponte* **DISMISSES** this case for lack of

---

[1] The Court's consideration has focused on the following documents:
- Plaintiff's Complaint, ECF No. 1;
- Plaintiff's Motion for Preliminary Injunction, ECF No. 6;
- Defendant's combined opposition and Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), ECF No. 19; and
- Plaintiff's combined Opposition to the National Labor Relations Board's Motion to Transfer Venue and Reply to Opposition to Motion for Preliminary Injunction, ECF No. 20.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

1

jurisdiction and **DENIES AS MOOT** Plaintiff's [6] Motion for Preliminary Injunction and Defendant's [19] Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

## I. BACKGROUND

For present purposes, the Court shall take Plaintiff's allegations as true. The Consortium is a non-profit corporation affiliated with the Seventh-day Adventist Church ("Church"). Declaration of Dr. Dan Giang, ECF No. 6-2 ¶ 3 ("Giang Decl."). Although affiliated with hospitals and clinics in California that provide medical services, the Consortium's programming is limited to teaching medical students and residents how to provide medical care through "Christ-centered Graduate Medical Education." *Id.* at 8; Declaration of Dr. David Trim, ECF No. 6-15 ¶ 12 ("Trim Decl."). The Consortium defines such education as that which "continue[s] the healing ministry of Jesus Christ, 'to make man whole,' in a setting of advancing medical science and to provide a stimulating clinical and research environment for the education of physicians, nurses[,] and other health professionals." Giang Decl. at 32.

On February 13, 2023, a local chapter of the Union of American Physicians and Dentists ("Union") filed a petition with NLRB Region 31 on behalf of residents and fellows employed at Consortium institutions who wanted to unionize. ECF No. 6-9. This petition commenced "representation" proceedings, in which a local NLRB office determines whether a particular union may represent certain employees in collective bargaining with their employer. *See* 29 U.S.C. § 159(c). The administrative matter was docketed before the Regional Director for Region 31, covering much of southern California, as Case 31-RC-312064. ECF No. 6-9 at 4. Pursuant to 29 U.S.C. § 159, the Regional Director ordered the parties to provide initial briefing and set a representation (i.e., merits) hearing for March 6, 2023. *Id.* at 11.

On February 27, 2023, the Consortium requested that the Regional Director bifurcate the proceedings in order to first determine whether the NLRB had jurisdiction over the Union's petition. *Id.* at 24. The Consortium argued, as it does again here, that the NLRB lacked jurisdiction over the Consortium as a religious teaching institution. *Id.* at 24-32. The Regional Director denied this request, although they continued the representation hearing itself to March 13, 2023. *Id.* at 44. The Consortium then requested on March 2, 2023 that the NLRB reverse the Regional Director's decision to proceed to the representation hearing, which was denied by a three-member panel one day later. *Id.* at 59. The Consortium filed its operative complaint on March 14, 2023, and moved this Court on March 21, 2023 to preliminarily stay or vacate the representation proceedings as beyond the NLRB's jurisdiction. The representation hearing went forward and concluded on April 5, 2023, and post-hearing briefs are due April 19, 2023. ECF No. 23 at 1. If the Regional Director concludes that the Union may represent the Consortium's employees, then they will order an election by secret ballot to determine whether the Union may represent the employees in collective bargaining with the Consortium. *See* 29 U.S.C. § 153(b).

## II. LEGAL STANDARD

A plaintiff bears the burden of establishing that a federal court has subject matter jurisdiction. *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). "Federal courts are courts of limited jurisdiction . . . [and it] is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court can, and must, raise subject matter jurisdiction *sua sponte* if the parties do not, for federal courts are "forbidden—as courts of limited jurisdiction—from acting beyond their authority, and no action of the parties can confer subject-matter jurisdiction upon a federal court." *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982) (cleaned up).

### III. DISCUSSION

As a general rule, Congress has vested only the federal Courts of Appeals with jurisdiction to review decisions of the NLRB. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 47 (1938); 29 U.S.C. § 160(f). In *Leedom v. Kyne*, the Supreme Court recognized only the narrowest of exceptions. 358 U.S. 184, 188 (1958). *Leedom* sets forth a two-part test for a district court to exercise jurisdiction: (1) "the agency's alleged conduct must be contrary to a specific statutory prohibition that is both clear and mandatory;" and (2) "the party aggrieved must have no other meaningful and adequate mean[s] of vindicating its statutory rights." *Am. Fed. of Gov't Emps., Local 2510 v. FLRA*, 453 F.3d 500, 506 (D.C. Cir. 2006) (cleaned up). The *Leedom* exception is "extremely narrow in scope" and applies only to errors in the NLRB's jurisdiction. *Nat'l Air Traffic Controllers Ass'n AFL-CIO v. Fed. Serv. Impasses Panel*, 437 F.3d 1256, 1263 (D.C. Cir. 2006) ("*Air Traffic Controllers*"). For employers, "the triggering of *Leedom* jurisdiction is even more difficult, since the D.C. Circuit has stated that 'the *Leedom v. Kyne* remedy was not devised for the benefit of an employer.'" *Schwarz Partners Packaging, LLC v. NLRB*, 12 F. Supp. 3d 73, 84 (D.D.C. 2014) (BAH) (quoting *Mia. Newspaper Printing Pressmen's Union Local 46 v. McCulloch*, 322 F.2d 993, 997 n.7 (D.C. Cir. 1963)).

In an effort to invoke *Leedom*, Plaintiff relies predominantly on *Univ. of Great Falls v. NLRB*, 278 F.3d 1335 (D.C. Cir. 2002) and its progeny. There, the D.C. Circuit held that the NLRB has no jurisdiction over non-profit institutions that are religiously affiliated. *Id.* at 1347. As Plaintiff rightly notes, the NLRB has consistently run afoul of this principle, resulting in regular reversal and vacatur by the D.C. Circuit. *See Duquesne Univ. of the Holy Spirit v. NLRB*, 947 F.3d 824, 830-31 (D.C. Cir. 2020) (collecting cases). As *Duquesne* explains, as soon a religious educational institution alerts the NLRB to its status, the NLRB "'should [] know[]

4

immediately'" that the Free Exercise Clause places the institution "'patently beyond the NLRB's jurisdiction.'"  947 F.3d at 831 (quoting *Carroll Coll. v. NLRB*, 558 F.3d 568, 574 (D.C. Cir. 2009)).  Here, Plaintiff argues that it should again be "patently" obvious to the NLRB that it lacks jurisdiction over the Consortium, a non-profit, religious educational institution.

Even so, a clear jurisdictional defect does not alone endow a federal district court with jurisdiction over a challenge to an NLRB proceeding.  A plaintiff must also demonstrate that "barring review by the district court would wholly deprive [it] of a meaningful and adequate means of vindicating its statutory rights." *Air Traffic Controllers*, 437 F.3d at 1263 (internal quotation marks and brackets omitted).  In an effort to meet this substantial hurdle, Plaintiff relies predominantly on two nonbinding, out of Circuit district-court cases: *Caulfield v. Hirsch*, No. 76-279, 1977 WL 15572 (E.D. Pa. 1977) and *McCormick v. Hirsch*, 460 F. Supp. 1337 (M.D. Pa. 1978).  In both cases, a district court vacated NLRB proceedings on First Amendment grounds.  1977 WL 1552, at *1; 360 F. Supp. at 1348.  Yet both decisions, nonbinding as they are, now stand on shaky ground even in their own Circuit, where the Third Circuit subsequently held that *Leedom* creates no jurisdiction for a "pre-election suit." *NLRB v. Interstate Dress Carriers, Inc.*, 610 F.2d 99, 106 (3d Cir. 1976) (noting further that "it is not clear that the Court intended that employers, who do, after all, have [appellate] review [], be able to assert pre-election suits under [*Leedom*]").  In any event, binding appellate precedent instructs this Court that *all* appellate review in the Court of Appeals must be vitiated before a district court may exercise subject matter jurisdiction over a challenge to NLRB proceedings. *See Cox v. McCulloch*, 315 F.2d 48, 50 (D.C. Cir. 1963).  Because appellate review is available to Plaintiff after NLRB's ultimate decision, *Leedom* does not apply under the law of this Circuit. *See Schwarz*, 12 F. Supp. 3d at 87.

5

Lastly, Plaintiff relies on the general principle that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).  Plaintiff is correct that a religious institution would have to wait until its appellate rights are perfected by an ultimate NLRB decision on the merits before it may sue in a Court of Appeals to vindicate its First Amendment freedoms.  *See Am. Fed. of Labor v. NLRB*, 308 U.S. 401, 409 (1940) (holding that appellate review of representation proceedings is unavailable until a decision is issued).  Yet constitutional claims have no "talismanic significance" in bypassing administrative review channeled exclusively to the federal Courts of Appeals.  *Jarkesy v. SEC*, 803 F.3d 9, 18 (D.C. Cir. 2015).

## IV. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action *sua sponte* for lack of subject matter jurisdiction and **DENIES AS MOOT**  Plaintiff's [6] Motion for Preliminary Injunction and Defendant's [19] Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).  An appropriate order accompanies this memorandum opinion.

Dated: April 11, 2023

                                                                                 /s/
                                               COLLEEN KOLLAR-KOTELLY
                                               United States District Judge